OPINION
{¶ 1} Plaintiff-appellant Kimberly Milano ("wife") appeals the November 29, 2004 Judgment Entry Decree of Divorce entered by the Stark County Court of Common Pleas, Domestic Relations Division, which overruled her objections to the Magistrate's August 20, 2004 Decision, and approved and adopted said decision as order of the court. Defendant-appellee is Paul Albert Milano ("husband").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and wife were married on June 5, 1993. One child was born as issue of said union, to wit: Kelsey (D.O.B. 9/20/95). Wife filed a Complaint for Divorce on the grounds of adultery on May 19, 2003. Husband filed a timely answer and counterclaim for divorce. The trial court issued temporary orders for child support in the amount of $892.32/month, and spousal support in the amount of $1,350.00/month.
 {¶ 3} The matter proceeded to hearing before the magistrate on March 17, and May 10, 2004. Prior to the final hearing, the parties reached an agreement relative to the custody of Kelsey as well as the division of most of their property.
 {¶ 4} Wife, who was thirty-six at the time of the final hearing, has an Associate's Degree in Applied Business and Office Administration Technology as well as a Bachelor's of Art Degree in Management. Wife is employed with Dominion East Ohio as a Services Coordinator for the State of Ohio. She has worked for Dominion for approximately 18 years. In 2003, wife's total gross income was $73,380.53.
 {¶ 5} Wife has a pension through her employer, valued at $40,351.34, of which $16,129 is wife's separate property. Wife also has $90,264.57 in her Dominion Salaried Savings Plan, of which $34,064.59 is wife's separate property. In lieu of equalizing the parties' retirement accounts, wife agreed to pay husband a lump sum payment of approximately $52,000. Wife refinanced the mortgage against the marital residence in order to obtain the monies to make this payment.
 {¶ 6} Husband, who was thirty-eight at the time of the final hearing, held a high school diploma, but did not complete college. In 1997, husband commenced employment with the Waikem Auto Group, and was promoted to General Manager of George Waikem Ford in June, 2001. In 2003, husband earned a base salary of $76,000, and received $31,500 in bonuses. Husband's bonuses are based solely upon the profits and losses as determined by his employer's financial statement. The bonuses are prepared on a quarterly basis, and the employee may defer distribution until the following pay period. Husband routinely deferred payment of his bonuses. Husband's 2003 W-2 indicates gross earnings of $107,500.
 {¶ 7} Via Magistrate's Decision filed August 20, 2004, the magistrate denied wife's request for spousal support and wife's request for one-half of husband's deferred 2004 bonus earnings. The magistrate ordered husband pay child support in the amount of $862.76/month. Wife filed timely objections to the magistrate's decision, arguing the magistrate failed to include husband's quarterly bonuses in determining husband's income for spousal support and child support computations. Via Judgment Entry Decree of Divorce filed November 29, 2004, the trial court granted wife a divorce on the grounds of adultery, and granted husband a divorce on the grounds of incompatibility. The trial court incorporated the magistrate's decision into the Judgment Entry Decree of Divorce.
 {¶ 8} It is from this Judgment Entry wife appeals, raising the following assignments of errors:
 {¶ 9} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN CALCULATIING APPELLEE'S INCOME.
 {¶ 10} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN CALCULATING CHILD SUPPORT.
 {¶ 11} "III. THE TRIAL COURT ERRED IN DETERMINING THE PERCENTAGE EACH PARTY IS REQUIRED TO PAY FOR THEIR CHILD'S UNINSURED EXTRAORDINARY HEALTH CARE EXPENSES.
 {¶ 12} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION BY FAILING TO AWARD APPELLANT SPOUSAL SUPPORT.
 {¶ 13} "V. THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN DIVIDING THE PARTIES' PROPERTY.
 {¶ 14} "VI. THE TRIAL COURT ERRED IN FAILING TO AWARD ATTORNEY FEES TO APPELLANT."
 I {¶ 15} In her first assignment of error, wife maintains the trial court erred as a matter of law and/or abused its discretion in calculating husband's income. Specifically, wife asserts the trial court failed to consider "income from all sources", to wit: $41,617.04 in 2003 quarterly bonuses earned, but deferred, by husband, in calculating husband's 2003 gross earnings.
 {¶ 16} R.C. 3119.01(B)(7) defines "gross income" as "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D)of section 3119.05 of the Revised Code * * *." (Emphasis added). Regarding overtime, commissions, and bonuses, R.C. 3119.05(D) provides: "When the court or agency calculates the gross income of a parent, it shall include the lesser of the following as income from overtime and bonuses: (1) The yearly average of all overtime, commissions, and bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed; (2) The total overtime, commissions, and bonuses received during the year immediately prior to the time when the person's child support obligation is being computed." (Emphasis added.)
 {¶ 17} Herein, the trial court determined husband's 2003 gross earnings to be $107,500.00, which includes his base salary as well as bonuses actually received in 2003, based upon husband's 2003 W-2 form. Having utilized a statutorily authorized figure, we find the trial court did not err or abuse its discretion in calculating husband's income.
 {¶ 18} Wife's first assignment of error is overruled.
 II {¶ 19} In her second assignment of error, wife submits the trial court erred as a matter of law and/or abused its discretion in its calculation of child support.
 {¶ 20} In Booth v. Booth (1989), 44 Ohio St.3d 142, the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 21} R.C. 3113.215(B)(1) requires the trial court calculate the amount of an obligor's child support obligation "in accordance with" the basic child support schedule set forth in R.C. 3113.215(D), the applicable worksheet in R.C. 3113.215(E) or (F), and other requirements of the law. R.C. 3113.215(E) and (F) both provide a sample or "model" worksheet and each provision directs the court to "use a worksheet that is identical in content and form" to the applicable model provided. Interpreting these provisions, the Ohio Supreme Court has held a child support computation worksheet as provided for in R.C. 3113.215 must actually be completed and made a part of the trial court's record. Markerv. Grimm (1992), 65 Ohio St.3d 139, syllabus one.
 {¶ 22} We find the trial court erred in its preparation of the Ohio Child Support Computation Worksheet. The trial court utilized a figure of $65,882.96 as husband's "annual gross income from employment * * * exlude bonuses" on the worksheet although the undisputed testimony established husband's base salary as $76,000. Despite this error, the trial court still arrived at $107,500 for husband's "total annual gross income," and calculated the child support based upon the $107,500 figure. Having found in our discussion of appellant's first assignment of error, supra, the trial court's finding husband's 2003 income to be $107,500 was not erroneous or an abuse of discretion, we find the error in the trial court's preparation of the worksheet concerning appellee's base salary to be harmless.
 {¶ 23} Wife's second assignment of error is overruled.
 III {¶ 24} In her third assignment of error, wife submits the trial court erred in its determination of the percentage each party is required to pay for their minor child's uninsured extraordinary health care expenses. The trial court ordered wife be responsible for 38.76% of those expenses, and husband be responsible for the remaining 61.24%. Wife asserts the trial court based these percentages on its erroneous finding husband's income comprised 61.24% of the parties' total income.
 {¶ 25} Having found, supra, the trial court did not abuse its discretion in finding husband's 2003 income to be $107,500, we find the trial court did not abuse its discretion in its determination of the percentages for which each is responsible relative to their daughter's uninsured extraordinary health care expenses by utilizing the same figures.
 {¶ 26} Wife's third assignment of error is overruled.
 IV {¶ 27} In her fourth assignment of error, wife contends the trial court erred as a matter of law and/or abused its discretion in failing to award her spousal support. Specifically, wife takes issue with the trial court's determination spousal support was not appropriate and reasonable based upon the finding wife's monthly salary is only 14% less than husband's monthly salary.
 {¶ 28} Our review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v. Cherry
(1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217,
 {¶ 29} R.C. 3105.18(C)(1)(a) thru (n) sets forth the factors a trial court must consider in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. These factors are:
 {¶ 30} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 31} "(b) The relative earning abilities of the parties;
 {¶ 32} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 33} "(d) The retirement benefits of the parties;
 {¶ 34} "(e) The duration of the marriage;
 {¶ 35} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 36} "(g) The standard of living of the parties established during the marriage;
 {¶ 37} "(h) The relative extent of education of the parties;
 {¶ 38} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 39} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 40} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 41} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 42} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 43} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 44} Upon review of the Magistrate's August 20, 2004 Decision and the trial court's November 29, 2004 Judgment Entry Decree of Divorce, we conclude the trial court properly considered the factors set forth in the statute relative to the determination of spousal support. Although the trial court noted wife's monthly salary "is only 14% less than [husband's] monthly salary", the trial court also referred to wife's "superior retirement benefits" and the parties' "comparable social security benefits." Under the facts of this case, we do not find the trial court abused its discretion in determining spousal support was not reasonable or appropriate.
 {¶ 45} Wife's fourth assignment of error is overruled.
 V {¶ 46} In her fifth assignment of error, wife maintains the trial court erred as a matter of law and/or abused its discretion in dividing the parties' property. Wife contends the trial court's use of March 18, 2004, the first day of the final hearing, as the date of the end of the marriage was improper as the presentation of evidence was not completed until May 10, 2004. Wife explains husband earned a $5,300.00 bonus at the end of March, 2004, which the trial court did not include in its division of the marital property.
 {¶ 47} The trial court has broad discretion in choosing the appropriate marriage termination date for purposes of property valuation.Berish v. Berish (1982), 69 Ohio St.2d 318, 319. Therefore, we will not disturb the trial court's finding absent an abuse of discretion. Id.
 {¶ 48} R.C. 3105.171(A)(2)(a) defines "during the marriage" as "the period of time from the date of marriage through the date of final hearing in an action for divorce". R.C. 3105.171(A)(2)(b) further provides if the court determines the use of that date would be inequitable, the court may select a date it considers equitable for determining the division of marital property.
 {¶ 49} We have found no case law which defines "date of final hearing," either expressly as the date on which the hearing commences or the date on which the hearing is completed. Our review has revealed several cases involving the trial court's use of the first day of a non-consecutive multi-day final hearing, however, not in the same context as in the instant action. See, e.g. Leff v. Leff (Mar. 2, 2000), Cuyahoga App. Nos. 75551, 75581, unreported. (No abuse of discretion to use date of final hearing rather than date of separation as the date marriage ended.) While others involved the use of the last day of the final hearing. See, e.g. Krisher v. Krisher (1992), 82 Ohio App. 3d 159. (Marriage dissolved, parties remarry each other six months later, then divorce again. Trial court's use of date of remarriage and last day of a three day hearing as "during the marriage" for property division determination not an abuse of discretion). Because the statute expressly defines "during the marriage" as "the period * * * through the date of the final hearing", we find the trial court did not abuse its discretion in utilizing the first day of the final hearing commences even though the presentation of evidence had not yet been completed.
 {¶ 50} Wife's fifth assignment of error is overruled.
 VI {¶ 51} In her final assignment of error, wife asserts the trial court erred in failing to award her attorney's fees.
 {¶ 52} An award of attorney's fees lies within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359.
 {¶ 53} R.C. 3105.18(H) provides:
 {¶ 54} "(H) In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 55} Upon review of the entire record in this matter, we find the trial court did not abuse its discretion in denying wife's request for attorney fees.
 {¶ 56} Wife's sixth assignment of error is overruled.
 {¶ 57} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
Hoffman, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.