[Cite as *Celeschi v. Celeschi*, 2011-Ohio-375.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DEBORAH L. CELESCHI

     Plaintiff-Appellee

-vs-

JOHN D. CELESCHI

     Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 10-CA-6

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Coshocton County Court of Common Pleas, Case No. 2008-DV-0252 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 26, 2011 |

APPEARANCES:

For Plaintiff-Appellee

VAN BLANCHARD II
402 Main Street
Coshocton, Ohio 43812

For Defendant-Appellant

ROBERT A. SKELTON
309 Main Street
Cochocton, Ohio 43812

*Hoffman, P.J.*

{¶1}   Defendant-appellant John D. Celeschi ("Husband") appeals the April 8, 2010 Judgment Entry entered by the Coshocton County Court of Common Pleas, which overruled his objections to the magistrate's July 31, 2009 Decision, and approved and adopted said decision as order of the court.   Plaintiff-appellee is Deborah L. Celeschi ("Wife").

STATEMENT OF THE FACTS AND CASE

{¶2}   Husband and Wife were married on September 30, 1979, in Coshocton County, Ohio.   The two children born as issue of the marriage are emancipated.   On April 9, 2008, Wife filed a Complaint for Divorce in the Coshocton County Court of Common Pleas, asserting as grounds the parties were incompatible marriage partners, and Husband was guilty of gross neglect of duty and extreme cruelty.   On April 15, 2008, Husband filed an answer and counterclaim, admitting the parties were incompatible, but denying his being guilty of extreme cruelty or gross neglect of duty. Husband also alleged the parties were incompatible and Wife was guilty of gross neglect of duty and extreme cruelty.   Wife did not file an answer to Husband's counterclaim.

{¶3}   The matter came on for trial before the magistrate on December 29, 2008, and February 26, 2009.   Prior to the presentation of evidence, the parties entered into a number of factual stipulations, which were reduced to writing and filed with the trial court on June 17, 2009.

{¶4}   At trial, Wife acknowledged she and Husband are incompatible marriage partners.   She agreed, at a minimum, the trial court should grant the divorce on the

grounds of incompatibility with respect to Husband's counterclaim. In support of her position the divorce should be granted on the grounds of extreme cruelty and gross neglect of duty, Wife described two incidents as examples. Wife recalled in 1996, she and Husband were residing with their then minor children at 328 North Ninth Street in Coshocton. In 1997, the parties purchased another residence located at 303 South Tenth Street in Coshocton. Although Wife and the children moved into the Tenth Street residence, Husband continued to reside at the Ninth Street residence where he remained until 2007. Husband's stated reason for remaining at the Ninth Street residence was to care for his five dogs as there was no room for the animals at the new residence. After moving to the Tenth Street residence, Wife was responsible for raising the children, cooking, cleaning, laundry, shopping, and bill paying.

{¶5} Wife acknowledged the bills were paid from a joint checking account to which both she and Husband contributed. Husband visited the Tenth Street residence in the morning, and worked on cars or fiddled around the house. Husband and Wife had not had a physical relationship since 1998. Wife also took care of the outside home maintenance. Husband worked on normal repairs to the home, but sometimes did not finish the projects he begun. When Husband moved into the Tenth Street residence in 2007, he slept on the couch in the living room and used a spare bedroom to store his belongings.

{¶6} Wife explained the parties filed bankruptcy because they accumulated too much credit card debt. According to Wife, Husband had created most of the debt. Wife noted the bankruptcy proceedings were complete and the discharge had been granted. Wife conceded the debts owed prior the bankruptcy were no longer owed; therefore, did

not constitute marital debt. The bankruptcy and the bankruptcy filing had a negative impact on Wife's credit.

{¶7} At the time of trial, the balance on the mortgage on the Tenth Street property was $45,480.71. With respect to the Tenth Street residence, Wife asked the trial court to permit her to remain there. After Wife filed the Complaint for Divorce, Husband closed the parties' joint checking account, which had a balance of $1,311.33. The bankruptcy court refunded $192.07 to the parties, which Husband kept. Wife further testified regarding funds which the parties received during the pendency of the divorce. Wife noted she kept the 2007 Federal Tax Refund of $5643.00. Husband retained approximately $2000.00 from the 2006 Federal Tax Refund.

{¶8} Wife detailed her employment history throughout the course of the marriage. For the last five and one-half years, Wife worked at Kraft Foods, earning $13.20/hour. Wife entered into evidence paystubs from the last four weeks of 2008. Those paystubs showed Wife's gross income for 2008, as being $23,580.00. Wife's 2007 earnings were $22,315.42. Husband's 2007 W-2 showed his gross income as $72,257.30. Wife indicated, in the past, she had submitted applications to a number of local factories, but she would not make more money than she made at Kraft Foods. Wife stated she had not taken classes to gain employment skills as she could not afford to do so. On cross-examination, Wife agreed her December 14, 2008 paycheck showed her year to date earnings as $31,599.03. Wife agreed with the two remaining paychecks from 2008, her total yearly earnings would be approximately $33,000.00.

{¶9} Husband testified, although he admitted in his answer to the complaint, he and Wife were incompatible, at the time of trial, he no longer believed that. Husband

stated he helped, and continues to help, in the care and maintenance of the Tenth Street residence. Husband explained he moved into the Tenth Street residence after the parties' daughter and her family needed to move into the Ninth Street residence. Husband explained he attempted to resume the marital relationship, but Wife was upset he had moved in. Husband acknowledged he was irresponsible with money which caused the parties to file bankruptcy. He added that Wife contributed to the money problem with her buying. Husband explained he alleged Wife was guilty of gross neglect of duty and extreme cruelty in his counterclaim because he was upset after receiving the complaint. Husband testified Wife went to bars and stayed out until the early hours of the morning. Husband indicated he believes he and Wife have contributed equally to the Tenth Street residence.

{¶10} Husband noted he deposited the bankruptcy refund check of $192.07 into his checking account and used the funds to pay marital bills. Husband used the portion of the 2006 Federal Income Tax Refund he received to pay his attorney. He added he paid city income tax from money from in the joint checking account. Husband is employed as a welder mechanic at Conesville Coal, and earned $76,190.42 in 2008. Husband's other source of income is money he receives from fixing friends' appliances. He indicated he might receive $20.00 or "something like that".

{¶11} Following the presentation of testimony, the magistrate ordered the parties to submit proposed findings of fact and conclusions of law, which the parties filed on June 17, 2009. The magistrate issued a Decision on July 31, 2009, adopting Wife's proposed findings of fact and conclusions of law verbatim. Husband filed objections to the magistrate's decision. Via Judgment Entry filed April 8, 2010, the trial court

overruled Husband's objections, and approved and adopted the magistrate's decision as order of the court.

{¶12} It is from this judgment entry Husband appeals, raising the following assignments of error:

{¶13} "I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN IT'S [SIC] FINDINGS OF FACT AND CONCLUSIONS OF LAW.

{¶14} "II. THE TRIAL COURT COMMITTED GROSS ABUSE OF DISCRETION IN FINDING THAT THERE WERE GROUNDS FOR DIVORCE AND IN GRANTING THE SAME.

{¶15} "III. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN ITS DIVISION OF PROPERTY.

{¶16} "IV. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN DIVIDING MARITAL PROPERTY THAT NO LONGER EXISTED.

{¶17} "V. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN ORDERING THE HUSBAND TO PAY TO THE WIFE THE SUM OF $843.00 PER MONTH FOR 177 MONTHS AS SPOUSAL SUPPORT AND IN NOT RESERVING JURISDICTION TO MODIFY THE SAME.

{¶18} "VI. THE TRIAL COURT FAILED TO CONDUCT AN INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION AS REQUIRED BY CIVIL RULE 53(D)(4)(d)."

I

**{¶19}** In his first assignment of error, Husband challenges a number of the magistrate's findings of fact and conclusions of law. Husband maintains the trial court abused its discretion in adopting such.

Magistrate's Finding Number 17

**{¶20}** "The parties agreed at Stipulation No. 11 that the following miscellaneous items were marital property to be divided and distributed between the spouses: * * * D] Husband received $192.07 for a Chapter 13 refund.  Husband spent said money. E] Husband retained $1,311.33 from the parties' joint checking at the time of divorce. Husband spent said money. * * * G] Husband received 2006 Federal income tax refund of $2,700.00 and he spent said money."

**{¶21}** Husband asserts he never agreed these items were marital property and the stipulation by the parties contains no language that these items were, in fact, marital property.  Husband submits these monies did not exist at the time of the final hearing; therefore, such should not have been part of the marital property he received.  Despite the fact Husband never stipulated the monies were marital property, such does not negate the fact income or monies earned during the marriage are marital property.  The trial court similarly awarded Wife the parties' 2007 Federal tax refund of $5,643.00, which she had previously spent.  We can find no abuse of discretion in the trial court's distribution of these assets.  "If a trial court was rendered powerless to recognize and determine property rights and assets that do not exist at the time of the final decree, one party, from the time of separation to the time of the final decree, could withdraw all

funds and, unilaterally and with impunity, squander the fruits of the marital labor."
*Berish v. Berish* (1982), 69 Ohio St.2d 318, 320-321.

Magistrate's Finding of Fact 19(B).

**{¶22}** "Wife is employed by Kraft Foods and her yearly income was approximately $31,705.03 (see Stipulation Number 12)."

**{¶23}** Husband argues Wife testified she would earn approximately $33,000 in 2008, and would most likely receive a raise in 2009. Husband submits the magistrate's failure to consider the fact Wife would potentially earn $1300.00 more than the parties had stipulated was erroneously weighed in favor of Wife receiving spousal support.

**{¶24}** We find the less than $1300.00 difference in Wife's income to be insufficient to support a finding the trial court's decision to award spousal support in the amount it did constituted an abuse of discretion.

Magistrate's Finding of Fact Number 19(C)

**{¶25}** "Husband is 47 years old with no indication of physical, mental or emotional problems."

**{¶26}** Husband contends he testified he has high blood pressure and takes medication for the condition, and also has emotional and mental difficulties. Husband also testified he was in the intensive care unit for three days in 2007, resulting from stress and high blood pressure. A review of the transcript reveals Husband testified he was healthy except for his high blood pressure. Although at the filing of the divorce he suffered from emotional difficulties, he had been treated and was not taking any medication for the condition. There was no other evidence to establish Husband's health would impede his employment and/or earning potential. We do not find the trial

court's generalized finding as to Husband's health was not supported by the evidence as a whole.

Magistrate's Finding of Fact Number 19(C)

**{¶27}** "Wife suffers from depression and anxiety since the filing of the 2004 divorce case, which was exacerbated in 2007 by Husband moving into the marital residence. Wife has been prescribed Wellbutrin for this condition, which she currently takes. * * * Wife testified that she continues to work as she has no means of support if she quits, although she may not be able to remain so employed if her health conditions worsens."

**{¶28}** We find a review of the transcript supports this finding. Wife described the difficulty she has with her employment due to her health conditions, but did not consider herself disabled and was capable of continuing to work.

Magistrate's Findings of Fact Number 19(J)

**{¶29}** "Wife stayed home and raised the parties['] two (2) children while Husband was able to work and gain employment skills which he can still use today. Wife has few employment skills."

Magistrate's Finding of Fact 19(M)

**{¶30}** "Wife generally worked outside the home during the marriage as a laborer in a factory. As a result, Wife has few skills and limited learning ability."

**{¶31}** Husband maintains both parties have similar employment skills, noting they both work in factory settings. We find the trial court's findings are supported by the evidence. Although the parties both worked in factories, Wife had not gained any

employment skills as her job was merely arranging packages of meat. Husband did not dispute he earned more than double Wife's anticipated 2008 earnings.

Magistrate's Finding of Fact 19(L)

**{¶32}** "Spousal support paid by Husband will be deductible by Husband reducing his tax liability, and will be taxable income to Wife, increasing her tax liability."

**{¶33}** Husband concedes the parties each testified regarding the tax consequences of spousal support, but Wife failed to present expert testimony to support such a finding.

**{¶34}** Because Husband failed to raise an objection to this issue to the trial court, he has waived the issue on appeal. See, Civ. R.53(D).

Magistrate's Finding of Fact 19(N)

**{¶35}** "In support of her claim for spousal support, Wife presented her budget of monthly expenses * * * The expenses included therein were appropriate and reasonable. Further, the expenses did not include any payment for a car, which she will incur shortly due to mechanical issues with her car and typically exceed $300.00 per month. Wife testified that her net take home pay was currently approximately $1595.00 per month, which is consistent with her 2007 Form W-2 and payroll stub. * * * After deducting Wife's earnings from her monthly expenses, Wife faced a monthly budget deficit of approximately $934.00 per month."

**{¶36}** Husband argues this Finding of Fact was contrary not only to the evidence presented, but also to the Magistrate's Finding of Fact 19(M). Husband adds the magistrate ignored the evidence adduced during Wife's cross-examination. Wife acknowledged her anticipated income for 2008, was the most she had earned in any

given year and was also based upon her working overtime. Plaintiff's Exhibit 13, Wife's payroll stubs, support the magistrate's finding. Further, Plaintiff's Exhibit 14, Wife's 2007 W-2 Form, indicates Wife earned gross wages of $23,580.00. On cross-examination, Wife agreed her income for 2008, would "be close to around $33,000.00". She also indicated she would "probably" receive a raise sometime in 2009.

{¶37} The magistrate's findings in light of the testimony are not contrary to the evidence. A review of the transcript pages cited by Husband does not reveal Wife admitted she would be close to paying all her budgetary items within six months of the divorce. Wife specifically testified she would have to wait and see if she could manage to pay her bills.

{¶38} Husband further argues the magistrate based spousal support upon a finding Wife had an annual income of $23,000.00 despite testimony she would earn close to $33,000.00 in 2008. We find nothing in the record to indicate such. The magistrate merely made findings regarding Wife's 2007 income and 2008 income. The magistrate found Wife's yearly income to be approximately $31,705.00, and used this figure when considering the parties' relative earning abilities.

{¶39} With respect to the magistrate's findings regarding Husband's monthly earnings and expenses, we find such are supported by the evidence. A copy of Husband's paycheck stub dated December 19, 2008, indicated his total earnings were $76,190.42, which if divided by twelve, would be approximately $6350.00/month. Although the $4270.00 figure the magistrate used as Husband's monthly take home pay after deductions does not include deductions for union dues, assessments, automatic withdrawals to savings, the purchasing of U.S. savings bonds, and dental insurance,

Husband would, nonetheless, have a balance of at least $1300.00/month from which he could pay spousal support. Despite the magistrate's failure to take into account Husband's after tax deductions, we find was no abuse of discretion as he still had additional monies after all his expenses were paid.

{¶40} Finally, Husband contends the magistrate's finding Wife's expenses did not include a car payment which she would soon be incurring is not supported by the evidence. Wife testified she drives a 1992 Honda with over 170,000 miles. Wife believed a tie rod may need to be replaced, but she was not concerned about driving the car in its current condition. Although the magistrate did make this finding which may have been based upon an overreading of Wife's testimony, the magistrate did not add $300.00 to Wife's monthly expenses in determining the spousal support. Therefore, any error is harmless.

{¶41} Based upon the foregoing, we overrule Husband's first assignment of error.

II

{¶42} In his second assignment of error, Husband maintains the trial court abused its discretion in finding statutory grounds existed upon which to grant the parties' divorce. We disagree.

{¶43} Wife filed her Complaint for Divorce on April 9, 2008, asserting incompatibility, as well as gross neglect of duty and extreme cruelty as grounds. Husband filed his answer and counterclaim, admitting the parties were incompatible, but denying he was guilty of gross neglect of duty and/or extreme cruelty. In his counterclaim, Husband alleged Wife was guilty of gross neglect of duty and extreme

cruelty, and that the parties were incompatible. At trial, Husband denied the parties were incompatible marriage partners, and stated he wished to work on the marriage.

**{¶44}** Husband never sought leave to amend his answer and counterclaim. Further, Husband did not file an objection to the magistrate's finding relative to the grounds. Accordingly, pursuant to Civ. R.53(D), Appellant has waived the right to assign the trial court's adoption of the magistrate's finding of incompatibility as error on appeal. We also find any alleged error in the trial court's finding of gross neglect of duty and extreme cruelty to be harmless in light of the parties' incompatibility.

**{¶45}** Husband's second assignment of error is overruled.

III

**{¶46}** In his third assignment of error, Husband contends the trial court abused its discretion in establishing the term of the parties' marriage to be from September 30, 1979, through December 29, 2008, the first day of the final hearing. We disagree.

**{¶47}** R.C. 3105.171(A)(2) provides that, except when the court determines that it would be inequitable, the date of the final hearing is usually the date of termination of the marriage. Thus, R .C. 3105.171(A)(2) creates a statutory presumption that the proper date for the termination of a marriage, for purposes of the division of marital property, is the date of the final divorce hearing. *Bowen v. Bowen* (1999), 132 Ohio App.3d 616, 630, 725 N.E.2d 1165. Therefore, it is presumed the date of the final divorce hearing is the appropriate termination date of the marriage. *Glick v. Glick* (1999), 133 Ohio App.3d 821, 828, 729 N.E.2d 1244.

**{¶48}** Generally, the trial court has broad discretion in choosing the appropriate marriage termination date and this decision cannot be disturbed on appeal absent an

abuse of discretion. *Berish v. Berish, supra.* "The abuse of discretion standard is based upon the principle that a trial court must have the discretion in domestic relations matters to do what is equitable given the facts and circumstances of each case." *Jefferies v. Stanzak* (1999), 135 Ohio App.3d 176, 179, 733 N.E.2d 305 citing *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. Therefore, in order to find an abuse of discretion there must be a determination that the trial court's judgment is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶49} We have found no case law which defines "date of final hearing," either expressly as the date on which the hearing commences or the date on which the hearing is completed. Because the statute expressly defines "during the marriage" as "the period * * * through the date of the final hearing", we find the trial court did not abuse its discretion in utilizing the first day of the final hearing as the termination date, even though the presentation of evidence had not yet been completed. See, *Milano v. Milano*, Stark App. No. 2004CA00390, 2005-Ohio-6302.

{¶50} Furthermore, in addressing issues of marriage termination dates, without some showing of prejudice, an appellate court has no basis for reversing a trial court's decision. See, e.g ., *Fernback v. Fernback*, Mahoning App.No. 00-CA-276, 2001-Ohio3482, citing *Smith v. Flesher* (1967), 12 Ohio St.2d 107, 110, 233 N.E.2d 137.

{¶51} Husband's third assignment of error is overruled.

IV

**{¶52}** In his fourth assignment of error, Husband asserts the trial court abused its discretion in dividing marital property no longer in existence at the time of the final hearing; therefore, violated R.C. 3105.171(A)(3)(I).

**{¶53}** As discussed in our analysis of Husband's first assignment of error, supra, both parties received assets as part of the division of marital property which he/she had individually retained and spent while the parties were still married.  Accordingly, both parties were "awarded" marital property in no longer in existence.  We find no prejudcial error in the trial court's distribution.

**{¶54}** Husband's fourth assignment of error is overruled.


V.

**{¶55}** In his fifth assignment of error, Husband contends the trial court abused its discretion in ordering him to pay spousal support in the sum of $843.00/month for 177 months, and in failing to reserve jurisdiction to modify the same.

**{¶56}** An award of spousal support is in the trial court's sound discretion. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶57}** In examining the magistrate's findings relative to spousal support as adopted by the trial court, we find no abuse of discretion in the order of spousal support. The magistrate considered the factors set forth in R.C. 3105.18 in finding an award of

spousal support was appropriate. This was a marriage of long duration, close to thirty years, and Wife would not be able to reach the same earning ability as Husband.

**{¶58}** With respect to the trial court's failure to retain jurisdiction, we note there is no statutory requirement for the trial court to do so. Further, Husband failed to raise this issue with the trial court in his objections to the magistrate's decisions; therefore, cannot now raise the issue to this Court. See, Civ. R.53(D).

**{¶59}** Based upon the foregoing, Husband's fifth assignment of error is overruled.

VI

**{¶60}** In his final assignment of error, Appellant asserts the trial court failed to conduct an independent review of the magistrate's decision as required by Civ. R.53(D)(4)(d).

**{¶61}** Civ.R. 53 governs magistrates. Subsection (D)(4)(d) states the following:

**{¶62}** "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Civ.R. 53(D)(4)(d).

*{¶63}* When ruling upon a party's objections, the trial court may "adopt, reject or modify the magistrate's decision." Civ.R. 53(E)(4)(b). When reviewing an appeal from the trial court's ruling on objections to a magistrate's decision, this Court must determine

whether the trial court abused its discretion in reaching its decision. *Wade v. Wade* (1996), 113 Ohio App.3d 414, 419. An abuse of discretion is defined as "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id*.*

**{¶64}** Upon review, we find the record does not affirmatively demonstrate the trial court failed to conduct an independent review of the magistrate's decision. We presume the trial court undertook such a review unless the record affirmatively demonstrates the contrary.

**{¶65}** Husband's sixth assignment of error is overruled.

**{¶66}** The judgment of the Coshocton County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DEBORAH L. CELESCHI                  :
                                     :
    Plaintiff-Appellee           :
                                     :
-vs-                                 :          JUDGMENT ENTRY
                                     :
JOHN D. CELESCHI                     :
                                     :
    Defendant-Appellant          :          Case No. 10-CA-6


For the reasons stated in our accompanying Opinion, the judgment of the

Coshocton County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise _____
HON. JOHN W. WISE