KRAUSE, APPELLANT, *v.* KRAUSE, APPELLEE.

(No. CA86-06-093—Decided January 20, 1987.)

*Crist & Barr* and *John A. Crist,* for appellant.

*Bryant & Sanzone* and *Jerry Bryant,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County.

Plaintiff-appellant, Donna Kay Krause, and defendant-appellee, Robert Wayne Krause, were granted a dissolution decree on December 15, 1981. Pursuant to the parties' agreement, the court awarded appellant custody of the minor child and $40 weekly as child support.

On January 29, 1986, appellee filed

a motion for change of custody and to modify the original child support order. Appellant responded on February 10, 1986 by requesting an order finding appellee in contempt for failure to pay child support as required by the dissolution decree.

Both motions were heard before a referee on April 15, 1986. The referee found that the minor child had resided with appellee since September 1985, that both parties consented to the change, that the child elected to live with his father, and that a change of custody from appellant to appellee was proper.

The referee further determined that appellant's yearly gross income totaled $31,000 out of which appellant supported one other dependent child from another marriage. Appellee's weekly gross income was $500, but his employment history was erratic. Based on this information, the referee modified the original child support award by ordering appellant to pay $50 per week for child support.

The referee's report also reflected that appellee had not paid any child support from the time the original dissolution decree was entered until the change of custody in September 1985. Therefore, the referee found that appellee owed appellant $7,800 for back support payments.

The referee then devised a setoff plan for payment of the above obligations. The first $500 of child support paid by appellant was to be offset against appellee's $7,800 arrearages. The balance of appellee's arrearages then would be set off against $25 of appellant's weekly child support obligation. Appellant, therefore, still needed to pay the remaining $25 per week to satisfy the $50 child support award. Over appellant's objections, the trial court adopted the referee's report on June 4, 1986.

On appeal from the trial court's judgment, appellant assigns the following as error:

First Assignment of Error:

"The trial court erred to the prejudice of Appellant by setting off her $7800.00 judgment against Appellee."

Second Assignment of Error:

"The trial court erred, to the prejudice of Appellant, in awarding the sum of $50.00 per week to Appellee as child support."

In her first assignment of error, appellant argues that it was error for the court to order a setoff of the judgment or, in the alternative, error to set off only part of her child support obligation against the arrearages.

A trial court's authority to set off one judgment against another involving the same parties is a well-established equitable principle. *Barbour* v. *National Exchange Bank* (1893), 50 Ohio St. 90, 98, 33 N.E. 542, 544. Therefore, the trial court's decision to set off the parties' judgments was within the discretion of the court and will not be disturbed on appeal absent an abuse of discretion. *Id.*

Clearly, the trial court had a right to set off appellant's child support payments against the arrearages owed by appellee. The payments involve the same parties and arise out of the same rights of the parties to child support. The trial court, therefore, did not abuse its discretion in ordering the setoff.

We find persuasive, however, appellant's argument that it was error to set off only a portion of appellant's support obligation instead of the entire amount. The setoff plan arrived at by the trial court would not properly satisfy the debt owed by appellee to appellant. By setting off only $25 per week against appellee's arrearages, over six years would elapse before the debt would be fully paid. Since the parties' child was thirteen at the time of the judgment, appellant's child support

obligation would terminate before appellee's debt could be entirely set off.

Furthermore, since the right to a setoff is an equitable doctrine, we find it inequitable that only appellee benefits from the trial court's setoff plan. Since 1981, appellee has violated a court order by refusing to pay child support to appellant. Now, however, appellee wants the trial court to enforce a similar support obligation against appellant. Equity dictates that before appellee receives any child support payments from appellant, he must satisfy the arrearages incurred from failing to pay appellant child support.

For the above reasons, the trial court's decision in only allowing $25 instead of the entire child support obligation of $50 to be set off is unreasonable and an abuse of discretion.

Appellant also raises the issue that the trial court erred in not awarding interest on the $7,800 in arrearages incurred by appellee. Under R.C. 1343.03, a lump-sum judgment bears interest when it becomes due and payable. Since a lump-sum judgment was never entered against appellee, appellant was not entitled to interest on the arrearages.

For the above reasons, appellant's first assignment of error is overruled as to the validity of the setoff and interest on the arrearages, but it is sustained as to the proper setoff amount.

The second assignment of error concerns whether the trial court erred in awarding $50 per week as child support to appellee. When reviewing a trial court's child support determination, the award will not be disturbed absent an abuse of discretion. Upon reviewing the record, we find that the trial court did not abuse its discretion in ordering appellant to pay child support given her present income. Therefore, the second assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed as modified.

*Judgment affirmed*
*as modified.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.