JEFFERIES, Appellee,

v.

STANZAK, Appellant.

[Cite as *Jefferies v. Stanzak* (1999), 135 Ohio App.3d 176.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA98–12–241.

Decided Oct. 18, 1999.

*Brenda Bruck Parks,* for appellee.

*Michael P. Masana,* for appellant.

---

WILLIAM W. YOUNG, Judge.

Defendant-appellant, John W. Stanzak, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, modifying his child support obligation on behalf of his minor children, Regina and Melissa.

Appellant and plaintiff-appellee, Claudia Stanzak, n.k.a. Jefferies, married on August 29, 1980. They divorced on November 15, 1990. At that time, appellee was designated the residential parent of their children. The divorce decree included an agreement from the parties' joint custody plan that provided for the payment of the children's parochial school tuition. Appellant was to pay two-thirds of the tuition, leaving appellee to pay the remaining one-third.

On January 14, 1994, by agreement of the parties, the court designated appellant as residential parent. Appellee, who was unemployed at that time, was ordered to pay appellant $20 per week in child support. The court's entry made no mention of the prior agreement regarding payment of tuition.

In November 1997, appellee filed a motion to terminate the joint custody plan, designate her as residential parent, and award her child support. Appellee also moved the court to modify the original order regarding payment of parochial school tuition to make appellant solely responsible for the tuition obligation that accrued while he was designated residential parent. Appellee alleged that appellant orally agreed to pay for the girls' entire tuition while he was their residential parent.

At the July 23, 1998 hearing before the magistrate, appellant denied the existence of the oral agreement. Appellant testified that he made payments to St. Joseph's School and to Badin High School ("Badin"), but he did not pay the tuition in full. In fact, he claimed he was entitled to reimbursement from appellee for unpaid tuition in the amount of $2,003.88 for the school years 1993–1994, 1994–1995, and 1995–1996. He also sought reimbursement for one-third of the tuition for each child for the 1996–1997 school year.[1] Although he requested reimbursement for the paid tuition, appellant testified that he wanted appellee to send the money directly to Badin to be applied to the balance due.

Appellant also testified that appellee owes him an arrearage of $405.72 for child support incurred while he was designated residential parent. He introduced into evidence an affidavit from the Butler County Child Support Enforcement Agency ("BCCSEA") to support his testimony. He introduced another affidavit from

---

1. Tuition for each child for the 1996–1997 school year at Badin was $2,930.

BCCSEA stating that he had overpaid $224.64 in child support to appellee as of January 31, 1998. Appellant sought reimbursement from appellee for both the arrearage and overpayment.

On July 31, 1998, the magistrate determined that appellant's child support obligation was $152 weekly, or $76 per week per child. The magistrate found that the parties never legally changed their original divorce decree as to the division of the parochial school tuition. Using appellant's calculations, the magistrate found that appellee was responsible for past tuition in the amount of $2,003.66. Appellee was also responsible for one-third of the tuition for the 1996–1997 school year for both children. In total, the magistrate determined that appellee was responsible for $3,956 in past and present tuition. The magistrate ordered appellant to pay $52 a week of his child support obligation directly to Badin until appellee's outstanding tuition obligation is satisfied. Thereafter, she was to pay the full amount of the child support directly to appellee. For the 1998–1999 school year forward, appellant would continue to be responsible for two-thirds of the tuition, and appellee would be responsible for one-third of the tuition.

On August 13, 1998, appellant filed objections to the magistrate's decision. On November 18, 1998, the trial court affirmed the magistrate's decision and overruled appellant's objections. Appellant appeals, raising a single assignment of error:

"The trial court erred to the prejudice of the appellant by failing to require that the appellee repay the full amount owed to appellant."

In his assignment of error, appellant contends that the trial court abused its discretion "by failing to recognize monies owed" to appellant. Specifically, appellant contends that appellee owes $6,674.24 directly to him. Appellant arrived at this total by adding appellee's arrearage of $405.72, his alleged child support credit of $224.64, appellee's portion of past tuition in the sum of $2,003.88 [sic], and the sum of $4,040 he asserts is currently due to Badin.

An appellate court will not disturb a trial court's decision concerning child support absent an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030. " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. The abuse-of-discretion standard is based upon the principle that a trial court must have the discretion in domestic relations matters to do what is equitable given the facts and circumstances of each case. *Booth,* 44 Ohio St.3d at 144, 541 N.E.2d at 1030–1031.

■ Although it is not entirely clear, it appears that appellant challenges the magistrate's determination that appellee is responsible for the parochial school tuition in the amount of $3,956. Using *appellant's* calculations, the magistrate agreed that appellee is responsible for past tuition in the amount of $2,003.66. The tuition for each child at Badin for 1996–1997 is $2,930, for a total of $5,860. Appellee's total share of the 1996–1997 tuition equals $1,953.33. Thus, appellee's total responsibility for the children's tuition obligation through the 1996–1997 school year equals $3,956.99.[2] For the 1998–1999 school year forward, appellant would be responsible for two-thirds of the tuition, while appellee would be responsible for one-third. We find no error with respect to these calculations.

Appellant further argues that the trial court abused its discretion by failing to recognize that he was entitled to reimbursement or a credit for tuition he had paid. Alternatively, appellant contends that the magistrate erred by requiring him to pay $52 of his weekly child support obligation to Badin to offset appellee's tuition obligation. We disagree with both contentions.

■ Although appellant testified that the balance owed to Badin was $4,040, the magistrate correctly determined from the exhibits offered by appellant that the parties owed a balance of approximately $4,600 to Badin prior to the 1997–1998 school year. Appellee's obligation in the amount of $3,956 is less than the outstanding tuition bill, so the magistrate found that she should pay this amount to Badin. To date, appellant has not fulfilled his own obligation to pay for two-thirds of the girls' total tuition. Thus, appellant is not entitled to any credit or reimbursement from appellee.

■ Moreover, appellant provides no support for his assertion that it was an abuse of discretion for the magistrate to order a portion of his child support obligation to be paid to Badin to ensure that the tuition is paid. Alternatively, appellant would pay appellee a larger sum in child support, part of which she would then be required to redirect to Badin. There is no appreciable difference between the two approaches. In fact, appellant testified at the hearing that he wanted to be sure that appellee paid her portion of the tuition to Badin:

"I don't want it, I don't want the money. I want it to go to the school because my whole complaint in this whole thing since the beginning has been to give it to the school, don't give it to me, okay. * * * [I]f the Court would order that that is given to the school and I not receive a dime or if any money is owed to me pay it to the school, I would be—I would be all for it."

---

**2.** The magistrate's decision incorrectly states that appellee's share for each child is $953. However, the magistrate correctly determined that appellee's total tuition obligation equals $3,956. The ninety-nine cent error in the final total is *de minimis*.

Therefore, we find no abuse of discretion with respect to the magistrate's determination of the parties' tuition obligations or the magistrate's decision to order appellant to direct a portion of his child support obligation directly to Badin. In fact, the magistrate's order comports with appellant's wishes as he expressed them at the hearing. The trial court did not abuse its discretion by adopting the magistrate's decision.

Appellant also argues that the trial court abused its discretion by failing to consider the affidavits he produced from BCCSEA illustrating his overpayment of child support and appellee's arrearage.

A trial court that enters a decree for child support has continuing jurisdiction over matters relating to child support. *Henry v. Daugherty* (Feb. 4, 1991), Clermont App. No. CA90–06–064, unreported, at 4, 1991 WL 12149. The trial court has full power to enforce its decree, to modify it as the parties' changing circumstances require, and to order the payment of support arrearages. *Id.*; *Gilford v. Wurster* (1983), 24 Ohio App.3d 77, 78, 24 OBR 145, 146–147, 493 N.E.2d 258, 260–261. "A court may order an ex-spouse's current support obligations to be set off against the other ex-spouse's arrearages." *Krause v. Krause* (1987), 35 Ohio App.3d 18, 518 N.E.2d 1221, paragraph one of the syllabus. The concept of an offset for arrearages is reasonable and should not be summarily dismissed when it is appropriate. *Gallo v. Gallo* (Dec. 21, 1990), Lake App. No. 90–L14–013, unreported, 1990 WL 212638. Further, a domestic relations court also has continuing jurisdiction to enforce a prior child support order by reducing an overpayment of child support to a judgment or granting a credit in favor of the obligor. *Stimburys v. Stimburys* (Jan. 21, 1993), Cuyahoga App. No. 63428, unreported, 1993 WL 12303; *Pearson v. Pearson* (Jan. 18, 1991), Erie App. No. E–90–12, unreported, 1991 WL 3814.

Appellant introduced two affidavits from BCCSEA. One indicated that appellee owed $405.62 in arrearages; the other stated that appellant overpaid his prior child support obligation by $224.64. Appellee introduced no evidence to the contrary. Appellant is entitled to offset appellee's arrearage and his overpayment against his current child support obligation.

The magistrate and trial court erred by failing to address appellant's affidavits of credit and arrearage. Pursuant to App.R. 12(B),[3] we enter judgment in favor

---

3. App.R. 12(B) states:
   "When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order."

of appellant in the amount of $630.26, to be offset against appellant's child support obligation at a rate of $50 biweekly, or $100 a month until satisfied. Accordingly, appellant's assignment of error is sustained in part and overruled in part.

*Judgment affirmed in part*
*and reversed in part.*

POWELL, P.J., and WALSH, J., concur.