OPINION
This cause is an accelerated appeal from a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, overruling appellant's motion to terminate a shared parenting plan ("SPP"), motion to modify the SPP, motion to modify child support, and motion for contempt.
In the first assignment of error, appellant argues that the trial court erred by overruling the motion to modify child support. In its consideration of appellant's motion to modify child support, the trial court found that appellant had failed to establish a change of circumstances that warranted a modification of child support. See Carsonv. Carson (1989), 62 Ohio App.3d 670, 673. Because the trial court's decision was supported by credible evidence, it was not an abuse of discretion and shall not be reversed by this court. See Booth v. Booth
(1989), 44 Ohio St.3d 142, 144; Jeffries v. Stanzak (1999),135 Ohio App.3d 176, 179.
Appellant further argues in her first assignment of error that the trial court improperly overruled the motion for contempt. We find that the trial court did not abuse its discretion in overruling appellant's motion for contempt and that its decision to overrule this motion should be upheld. See State ex rel. Delco Moraine Div., General Motors Corp.v. Indus. Comm. of Ohio (1990), 48 Ohio St.3d 43, 44; Lindsay v. Curtis
(1996), 115 Ohio App.3d 742, 745. The first assignment of error is overruled.
In the second assignment of error, appellant asserts that the trial court erred by failing to terminate the SPP. A trial court's decision regarding the allocation of parental rights and responsibilities for the care of minor children is subject to reversal only upon a demonstration of an abuse of discretion. Masters v. Masters (1994), 69 Ohio St.3d 83,85. The trial court's determination that it would be in the best interest of the children to continue the SPP was not an abuse of discretion, as this decision was supported by competent, credible evidence. Therefore, the second assignment of error is overruled.
WALSH and POWELL, JJ., concur.