[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal of a decision by the Clermont County Court of Common Pleas, Domestic Relations Division, terminating a shared parenting plan ("SPP") between defendant-appellant, Kent Lanham, and plaintiff-appellee, Gayle Lanham, and adopting a new SPP.[1]
In his assignment of error, appellant contends that the trial court committed three errors in adopting the SPP submitted by Mrs. Lanham.
First, appellant argues that the trial court erred by including his spouse's income in its calculation of appellant's income in the child support worksheet. An appellate court will not disturb a trial court's decision concerning child support absent an abuse of discretion. Boothv. Booth (1989), 44 Ohio St.3d 142, 144; Jeffries v. Stanzak (1999),135 Ohio App.3d 176, 179. Appellant claims that the trial court erred by using appellant's total income as recorded on his 1999 income tax return for purposes of the child support worksheet because, appellant argues, this amount combined his income with that of his spouse. However, appellant failed to provide evidence to the trial court demonstrating what portion of this income, if any, was earned by his spouse. Therefore, based on the evidence in the record, we cannot find that the trial court abused its discretion in calculating appellant's child support obligation.
Second, appellant insists that the trial court erred by adopting a SPP that did not contain a mediation provision where both parties indicated that they would not be opposed to mediation. A trial court's decision regarding the allocation of parental rights and responsibilities for the care of minor children is subject to reversal only upon a demonstration of an abuse of discretion. Masters v. Masters (1994), 69 Ohio St.3d 83,85. We find that the trial court did not abuse its discretion by omitting a provision for mediation in the SPP where there was evidence that mediation had not been successful in resolving the parties' disputes in the past.
Third, appellant argues that the trial court erred by failing to adopt the visitation schedule he proposed in regard to his fourteen-year-old daughter. Reviewing the evidence presented to the trial court, we find that the trial court did not abuse its discretion in deciding not to adopt the visitation schedule proposed by appellant as it pertained to his daughter.
Based on the foregoing, appellant's assignment of error is overruled.
Judgment affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Anthony Valen, Judge, Stephen W. Powell, Judge, Concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.