OPINION
{¶ 1} Michqua M. Alcott Allen, defendant-appellant, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, rendered July 9, 2002.
 {¶ 2} Appellant and Ronald L. Allen, plaintiff-appellee, were married on August 12, 1989, and one child, Karlie B. Allen, was born as issue of the marriage. The parties were divorced on August 22, 1995, pursuant to a decree of divorce, to which a separation agreement ("agreement") was attached. The agreement provided that appellee was to pay directly to appellant $70,000 in installments, the last of which was due on August 1, 1999, for property division. The agreement also required appellee to pay child support of $1,600 per month, to pay the cost of any day-care expenses (to be paid directly to the provider), to pay Karlie's extracurricular expenses, to maintain life insurance, to maintain medical insurance on Karlie, and to pay all of Karlie's healthcare expenses in excess of the first $100 per year. Any party in default under the terms of the agreement was to pay the other party's attorney fees incurred in compelling compliance with the agreement. By way of judgment on September 16, 1999, the court subsequently made the following retroactive modifications in appellee's child support obligation: from August 1, 1995 to September 19, 1997, $1,600 per month; from September 19, 1997 to December 31, 1997, $986.78 per month; from January 1, 1998 to December 31, 1998, $747.11 per month; from January 1999 forward, $768.08 per month. Appellee was also ordered to pay $1,000 for Karlie's day-care expenses for 1997, 1998, and 1999, by December 1, 1999.
 {¶ 3} On September 1, 1999, appellant filed a contempt motion for failure to pay the property division as required under the agreement. Appellant filed another contempt motion on March 14, 2001, which alleged that appellee was also in contempt for failure to pay child support, provide certain documents, and promptly pay medical expenses and day-care expenses.
 {¶ 4} The contempt motions were consolidated and heard before a magistrate on April 5, 2001. A record of the magistrate's hearing was made. Appellee claimed that he overpaid his child support obligation to the child support enforcement agency ("CSEA") by $11,729.49, and, thus, he was entitled to a set-off and could not be in contempt. He did not present anyone from CSEA as a witness and did not present a certified audit of CSEA's records. On February 19, 2002, the magistrate filed his decision, finding that appellee was in contempt for failure to pay Karlie's uncovered medical expenses for three years, totaling $3,622.22; the day-care expenses, for which he was ordered to pay the original $1,000 that he had failed to pay in 1999, and an additional $760; and half of Karlie's extracurricular expenses, totaling $1,100. Further, the magistrate found that because appellee failed to produce evidence explaining the entries in CSEA's documents, he was not entitled to a set-off. The magistrate also found that appellant had failed to show by a preponderance that appellee failed to meet his total child support and property payments. Thus, the magistrate could not determine for a certainty whether appellee was in contempt for failing to pay child support or the property division, and did not make any finding of contempt on those issues. The magistrate also awarded appellant $2,900 in attorney fees.
 {¶ 5} On March 1, 2002, appellee filed objections to the magistrate's decision, although he failed to file a transcript. Appellee argued again that, not only had he not underpaid his child support, he had overpaid his obligation to an extent that far exceeded the amount ordered by the magistrate. The trial court permitted appellee to supplement the record by calling a witness from CSEA, Linda Meeks. On July 9, 2002, the trial court rendered its decision and judgment sustaining appellee's objections. The trial court found that CSEA's records demonstrated an overpayment of child support in the amount of $11,729.49. The court held that this amount could be properly used as credit against the amount the magistrate ordered appellee to pay to appellant, and, thus, he was not in contempt. Appellant appeals this judgment and asserts the following assignments of error:
 {¶ 6} "[I.] The trial court erred in sustaining the appellee's objections to the magistrate's report.
 {¶ 7} "[II.] The trial court abused its discretion in considering additional evidence without a demonstration that with reasonable diligence the party seeking to present said evidence could not have produced that evidence for the magistrate's consideration.
 {¶ 8} "[III.] The trial court abused its discretion in making a finding that in effect the appellee was not in contempt."
 {¶ 9} We will address appellant's second assignment of error first. Appellant asserts in her second assignment of error the trial court abused its discretion in considering additional evidence without demonstrating that, with reasonable diligence, appellee could not have produced that evidence for the magistrate's consideration. Civ.R. 53(E)(4)(b) provides, in pertinent part:
 {¶ 10} "The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
 {¶ 11} Appellant misconstrues Civ.R. 53(E)(4)(b), which prohibits a trial court from refusing to hear additional evidence if it is shown that, with reasonable diligence, the party could not have produced the evidence before the magistrate. It does not state the converse; that a trial court may hear additional evidence only if with reasonable diligence it could not have been produced before the magistrate. In all other circumstances, other than the one specifically indicated, Civ.R. 53(E)(4)(b) grants the trial court discretion to hear additional evidence. Appellant has failed to demonstrate an abuse of discretion. Therefore, appellant's second assignment of error is overruled.
 {¶ 12} We will address appellant's first and third assignments of error together. Appellant argues in her first assignment of error the trial court erred in sustaining appellee's objections to the magistrate's decision. Appellant argues in her third assignment of error the trial court abused its discretion in making a finding that, in effect, appellee was not in contempt. As appellee's counsel stated during the objections hearing, the history behind the alleged overpayments of child support to CSEA is "very complicated." We agree. Counsel for appellee explained to the trial court during the objections hearing that appellee paid child support directly to appellant, in violation of the court order, for some period of time. This amounted to approximately $23,000 in payments outside CSEA. Appellee's counsel indicated that this amount was eventually credited on CSEA's ledger. Appellee's counsel also claimed that one of appellee's tax refunds, in the approximate amount of $13,000, was intercepted because CSEA thought appellee was in arrears on child support before the $23,000 was credited on CSEA's ledger. Further, appellee's counsel explained that the September 16, 1999 judgment ordering the retroactive reductions in appellee's child support obligation also contributed to the overpayment of child support. All of these actions, appellee's counsel argued to the trial court, resulted in the overpayment of child support in the amount of $11,729.49. At the objections hearing before the trial court, Meeks confirmed that, according to CSEA's records, as of May 31, 2002, appellee had a credit or "overpayment" of $11,729.49. The summary of the "arrears calculator" confirms Meeks' testimony that CSEA's records indicate an overpayment of $11,729.49.
 {¶ 13} However, our review of the record raises some questions regarding the above transactions and calculations. A December 7, 1999 agreed entry in the record confirms the parties agreed that direct payments of child support were made between August 1, 1994 and July 31, 1997, in the amount of $23,685, and that such amount should be credited by CSEA. However, despite the appearance of a "support credit" of $23,685 on the certified summary of the "arrears calculator," which was submitted to the trial court by Meeks, a review of the payment-by-payment ledger fails to reveal any credit for $23,685. With regard to the claimed tax intercept, Meeks testified at the objections hearing before the magistrate that she did not see a tax intercept for $13,000 in CSEA's ledger. Our own review of the ledger also fails to reveal any credit for the alleged tax intercept. With regard to the "arrears calculator" that showed an overpayment, appellant presented calculations in her response to appellee's objections that indicated that, using the CSEA payment-by-payment ledger submitted by appellee, appellee does not have an overpayment of $11,729.49. According to appellant's calculations, when the amount of child support owed from the date of the decree until the date of the motion for contempt is compared to the amount appellee actually paid during the same period, an underpayment of over $4,000 is apparent. These unexplained inconsistencies in CSEA's records undermine our confidence in the accuracy of such records.
 {¶ 14} We also note that although we do not have a record of the proceedings before the magistrate, appellee apparently alleged that he had made some of his property division payments through the CSEA. Appellee has failed to point to any entry in CSEA's ledger that was allegedly a property division payment, and it is not apparent from our own review. Although the magistrate touched on this concern, the trial court conducted no further investigation. This overlooked issue adds further uncertainty as to whether CSEA's records accurately reflect the true amount of payments appellee made to CSEA.
 {¶ 15} The standard of review of a trial court's finding of contempt is an abuse of discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In the present case, the trial court did not review CSEA's records to resolve any inconsistencies or determine their accuracy, nor was sufficient evidence presented to do so. The trial court accepted Meeks' testimony and the CSEA summary despite appellant's pleas that an examination of the record was necessary. Although in the usual case, a trial court's independent, meticulous review of CSEA's records is not necessary, given the specific issues raised by appellant and the ostensible inconsistencies in the payment ledger, we find there should have been a review of the payment ledger to assure that it was correct. The undefined, interoffice codes used by CSEA on its payment ledger make deciphering the precise payment history difficult for this court. Indeed, the magistrate in this case was also unable to determine the nature of the entries in CSEA's records, and, thus, denied appellant's motion for contempt with regard to child support payments. In sum, we find that these records do not appear to have the requisite level of reliability in order to use the totals contained therein to offset the magistrate's award of $8,832.22 without further explanation. Therefore, we must find the trial court abused its discretion in this case in relying upon them without inquiring further into their accuracy.
 {¶ 16} Upon remand, the trial court should be mindful that in a civil contempt proceeding, the movant bears the initial burden of proving by clear and convincing evidence that the other party violated a court order. Carroll v. Detty (1996), 113 Ohio App.3d 708, 711, citing Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250. "Clear and convincing evidence" is a degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. State v. Schiebel (1990),55 Ohio St.3d 71, 74. "Clear and convincing evidence" is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id. Once the prima facie case has been established by clear and convincing evidence, the burden shifts to the non-moving party to either rebut the initial showing of contempt or establish an affirmative defense by a preponderance of the evidence. Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140; Haynes v. Kaiser (Oct. 18, 1996), Geauga App. No. 96-G-1984.
 {¶ 17} In the present case, both the magistrate and the trial court have already found that appellant, the movant in this case, satisfied her initial burden of proving by clear and convincing evidence that appellee violated court orders by failing to pay Karlie's uncovered medical expenses for three years, various day-care expenses, and half of Karlie's extracurricular expenses. Appellee did not contest such findings. Because appellant established her prima facie case demonstrating appellee's failure to follow prior court orders, the burden must shift to appellee upon remand to establish his defense, by a preponderance of the evidence, that he has overpaid child support and that such overpayment may be used to offset the contempt amounts ordered by the magistrate. Thus, upon remand, it is appellee's burden to demonstrate, using reliable evidence, that he did, in fact, overpay his child support obligations to CSEA. If appellee establishes such upon remand, the trial court has the authority to utilize the well-established equitable principle of set-off. See Krause v. Krause (1987),35 Ohio App.3d 18.
 {¶ 18} Further, the magistrate refused to make any finding of contempt with regard to property division and child support because appellant failed to sustain her burden of proof. Because appellant did not file objections to the magistrate's decision contesting such, and appellant does not raise any assignment of error with regard to such, the trial court's judgment adopting that portion of the magistrate's decision is final and cannot be revisited upon remand. For the foregoing reasons, appellant's first and third assignments of error are sustained.
 {¶ 19} Accordingly, appellant's first and third assignments of error are sustained and appellant's second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part and reversed in part, and this matter is remanded to that court for proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; case remanded.
KLATT, J., and PETREE, P.J., concur.