[Cite as *Rollins v. Rollins*, 2014-Ohio-5441.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JEFFREY ROLLINS | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon.Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 14 CAF 04 0018 |
| | : | |
| KATRINA ROLLINS | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
                             of Common Pleas, Domestic Relations
                             Division Case No. 13 DR B 01 0001



JUDGMENT:                    AFFIRMED




DATE OF JUDGMENT ENTRY:      December 10, 2014




APPEARANCES:

For Plaintiff-Appellant:            For Defendant-Appellee:

NICHOLAS W. YAEGER                  ANTHONY M. HEALD
SEAN P. SHERIDAN                    Heald Law
Mowery, Youell & Galeano, Ltd.      125 N. Sandusky St.
425 Metro Place North, Suite 420    Delaware, OH 43015
Powell, OH 43017

*Delaney, J.*

{¶1}   Plaintiff-Appellant Jeffrey Rollins appeals the March 11, 2014 judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division.

### FACTS AND PROCEDURAL HISTORY

{¶2}   Plaintiff-Appellant Jeffrey Rollins ("Husband") and Defendant-Appellee Katrina Rollins ("Wife") were married on December 12, 1992. One child was born as issue of the marriage on May 5, 1994.

{¶3}   Husband and Wife separated on or about June 24, 2006 after 13.5 years of marriage. Husband left the marital residence and Wife remained at the residence with the child. Husband did not tell Wife where he was living. During the parties' separation, the parties filed joint tax returns and Husband continued to provide health insurance coverage for Wife and child. Husband and Wife purchased joint Christmas presents for the child. Husband and Wife had a joint checking account. Wife paid her own car payment. Wife paid for her and the child's expenses, including the child's orthodontics. Husband paid Wife $1,400.00 per month during the separation.

{¶4}   Husband was employed and earned approximately $180,000 to $190,000 per year. Husband's employer leased a car for Husband as part of his employment. Wife was self-employed doing business as the Skin Spa of Powell. Wife made no income in 2011.

{¶5}   In May 2011, Husband returned to the marital residence and maintained sole possession of the residence. Wife moved to a different residence with the child.

{¶6}   Husband filed a complaint for divorce on January 2, 2013. Wife filed an answer and counterclaim on March 18, 2013.

{¶7}   A trial was held before the magistrate on December 11, 2013.

{¶8}   The magistrate issued his decision on December 17, 2013. One issue was the date of the termination of the marriage. The magistrate determined the parties separated on June 24, 2006 and the de facto termination date of the marriage was December 11, 2013, equating to 21 years of marriage. The magistrate ordered Husband to pay spousal support to Wife in the amount of $5,000.00 per month starting January 2014. Spousal support was to be paid for 72 months.

{¶9}   Husband filed objections to the magistrate's decision and a Praecipe to Court Reporter for Transcript of Proceedings on December 31, 2013. The trial court issued a judgment entry on January 7, 2014 ordering the transcript of the magistrate's hearing to be filed on or before January 30, 2014. The trial court stated if the Husband failed to file the transcript without an extension, the trial court would rule on the objections without the transcript. Wife filed a response to Husband's objections and cross-objections to the magistrate's decision on January 9, 2014. By entry dated January 18, 2014, the parties were granted leave to file supplemental objections within fourteen days following the filing of the transcript. The trial court again stated that if the parties failed to file a transcript on or before January 30, 2014, the trial court would rule on the objections without the transcript.

{¶10} On March 11, 2014, the trial court filed its judgment entry overruling Husband and Wife's objections to the magistrate's decision. The trial court noted the transcript of the magistrate's hearing had not been filed and the court made its decision on the objections pursuant to guidelines of Civ.R. 53.

{¶11} Husband filed the transcript with the trial court on March 25, 2014.

{¶12} The Husband now appeals the March 11, 2014 judgment entry.

## ASSIGNMENTS OF ERROR

{¶13} Husband raises three Assignments of Error:

{¶14} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO ORDER A DEFACTO TERMINATION OF MARRIAGE CONSISTENT WITH THE EVIDENCE PRESENTED AT TRIAL AND IN ACCORDANCE WITH OHIO REVISED CODE §3105.171(A)(2) RESULTING IN THE COURT FASHIONING AN UNEQUAL AND INEQUITABLE PROPERTY DIVISION IN VIOLATION OF R.C. §3105.171.

{¶15} "II. EVEN WITHOUT ASSIGNING A DEFACTO TERMINATION OF MARRIAGE DATE, THE TRIAL COURT'S PROPERTY DIVISION IS UNEQUAL, THE TRIAL COURT FAILED TO ASSIGN VALUES TO ASSETS, AND THE COURT FAILED TO GIVE ANY FINDINGS AS TO WHY THE PROPERTY DIVISION IS UNEQUAL.

{¶16} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN THE CALCULATION OF THE PARTIES' INCOMES RESULTING IN AN AMOUNT OF SPOUSAL SUPPORT PAYABLE FROM APPELLANT TO APPELLEE THAT IS NOT REASONABLE AND APPROPRIATE UNDER OHIO REVISED CODE 3105.18 AS TO AMOUNT AND DURATION."

## ANALYSIS

{¶17} Husband argues in his three Assignments of Error the trial court erred when it overruled his objections to the magistrate's decision. The record shows Husband failed to timely file a transcript of the magistrate's hearing for the trial court's

consideration when the trial court ruled on Husband's objections to the magistrate's decision.

{¶18} Civ.R. 53 governs matters referred to magistrates. Civ.R. 53(D) states in pertinent part:

(3) Magistrate's decision; objections to magistrate's decision.

* * *

(b) Objections to magistrate's decision.

(i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

(ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

(iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With

leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶19} This court has held, "where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal." *Oyler v. Oyler*, 5th Dist. Stark No. 2014CA00015, 2014-Ohio-3468, ¶ 27 quoting *Doane v. Doane,* 5th Dist. Guernsey No. 00CA21, 2001 WL 474267 (May 2, 2001); *State v. Leite,* 5th Dist. Tuscarawas No.1999AP090054, 2000 WL 502819 (Apr. 11, 2000); *Fogress v. McKee,* 5th Dist. Licking No. 99CA15, 1999 WL 668580 (Aug. 11, 1999); and *Strunk v. Strunk,* 5th Dist. Muskingum No. CT96–0015, 1996 WL 787981 (Nov. 27, 1996). When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of

the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 1995–Ohio–272, 654 N.E.2d 1254.

{¶20} Accordingly, we review Husband's three Assignments of Error only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. *Oyler, supra* at ¶ 28 citing *He v. Zeng,* 5th Dist. Licking No. 2009–CA–00060, 2010–Ohio–2095, ¶ 23.

**I.**

{¶21} Husband argues in his first Assignment of Error that the trial court erred when it established the de facto date of termination of the marriage as December 11, 2013. We disagree.

{¶22} R.C. 3105.171(A)(2) provides that, except when the court determines that it would be inequitable, the date of the final hearing is the date of termination of the marriage. *Giltz v. Giltz,* 5th Dist. Stark No. 2011 CA00173, 2012–Ohio–1727, ¶ 31, citing *Combs v. Combs,* 5th Dist. Stark No. 2008CA00169, 2009–Ohio–1683, ¶ 21. As we have previously found, R.C. 3105.171(A)(2) "creates a statutory presumption that the proper date for the termination of a marriage is the date of the final divorce hearing." *Giltz, supra*, 2012–Ohio–1727, ¶ 31, citing *Bowen v. Bowen,* 132 Ohio App.3d 616, 630, 725 N.E.2d 1165 (9th Dist.1999).

{¶23} However, the trial court has broad discretion in choosing the appropriate marriage termination date and this decision cannot be disturbed on appeal absent an abuse of discretion. *See Berish v. Berish,* 69 Ohio St.2d 318, 321, 432 N.E.2d 183

(1982). R.C. 3105.171(A)(2) establishes an alternative date for determining the end of the marriage:

> (A) As used in this section:
>
> * * * *
>
> (2) "During the marriage" means whichever of the following is applicable:
>
> (a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
>
> (b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court.

{¶24} Courts should be reluctant to use a de facto termination of marriage date unless the evidence clearly and bilaterally shows that it is appropriate based on the totality of the circumstances. *Boggs v. Boggs,* 5th Dist. Delaware No. 07 CAF 02 0014, 2008–Ohio–1411, ¶ 66 citing *Day v. Day,* 40 Ohio App.3d 155, 158, 532 N.E.2d 201(10th Dist.1988); *Stafinsky v. Stafinsky,* 116 Ohio App.3d 781, 689 N.E.2d 112 (11th Dist.1996); *Schnieder v. Schnieder,* 110 Ohio App.3d 487, 674 N.E.2d 796 (11th Dist.1996). Generally, the trial court has broad discretion in choosing the appropriate marriage termination date and this decision cannot be disturbed on appeal absent an abuse of discretion. *Boggs, supra* citing *Berish, supra.* "The abuse of discretion

standard is based upon the principle that a trial court must have the discretion in domestic relations matters to do what is equitable given the facts and circumstances of each case." *Jefferies v. Stanzak,* 135 Ohio App.3d 176, 179, 733 N.E.2d 305 (12th Dist.1999) citing *Booth v. Booth,* 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). Therefore, in order to find an abuse of discretion there must be a determination that the trial court's judgment is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶25} Based on the record before us reviewed under the constraints of Civ.R. 53, we find no abuse of discretion for the trial court to find the de facto termination date of marriage was December 11, 2013. Husband's first Assignment of Error is overruled.

**II.**

{¶26} Husband contends in his second Assignment of Error that the trial court inappropriately valued the parties' assets and the division of property was unequal. We disagree.

{¶27} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). In order to make an equitable division of property, the trial court should first determine the value of the marital assets. *See Eisler v. Eisler*, 24 Ohio App.3d 151, 152, 493 N.E.2d 975 (11th Dist.1985). In performing this function, the trial court has broad discretion to develop

some measure of value. *See Berish v. Berish*, 69 Ohio St.2d 318, 432 N.E.2d 183 (1982). Thus, "[t]he valuation of marital assets is typically a factual issue that is left to the discretion of the trial court." *Roberts v. Roberts,* 10th Dist. Franklin No. 08AP–27, 2008–Ohio–6121, ¶ 18 citing *Berish, supra.* Generally, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010–Ohio–3489, 936 N.E.2d 1013, ¶ 16 (5th Dist.), citing *Cross Truck Equipment Co. v. Joseph A. Jeffries Co.*, 5th Dist. Stark No. CA–5758, 1982 WL 2911 (Feb. 10, 1982).

{¶28} "Trial court decisions on what is presently separate and marital property are not reversed unless there is a showing of an abuse of discretion." *Valentine v. Valentine*, 5th Dist. Ashland No. 95COA01120, 1996 WL 72608 (Jan. 10, 1996), citing *Peck v. Peck*, 96 Ohio App.3d 731, 734, 645 N.E.2d 1300 (12th Dist.1994). Specifically, "[w]hen considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 559 N.E.2d 1292 (1990), paragraph one of syllabus.

{¶29} Pursuant to R.C. 3105.171(B), "[i]n divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. * * * "

{¶30} R.C. 3105.171(C)(1) further states: "Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."

{¶31} The fair and equitable division of pension or retirement benefits in a divorce matter in Ohio is left to the trial court's discretion. *Hoyt, supra,* at paragraph one of the syllabus. Pension or retirement benefits earned during the marriage are marital assets and a factor to be considered in the just division of property. *Id.* at 178.

{¶32} The trial court awarded Husband the marital home, the family boat, Husband's life insurance policy, and Husband's checking account. Husband was made responsible for the mortgage on the marital home, the lines of credit in his name, and the loan on the boat. Wife was awarded her checking and savings account, a QDRO for Husband's two pension plans, and the Skin Spa of Powell. Wife was made responsible for the lines of credit in her name.

{¶33} Because there was no transcript of the magistrate's hearing filed with the objections to the magistrate's decision, this Court must hold that the magistrate's findings of fact are established. The valuation of assets is a factual determination. We review the matter only to determine whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts.

{¶34} In this case, we find no abuse of discretion in the trial court's division of the assets. The Ohio Revised Code does not require the trial court to make an equal

division of marital property but an equitable division of marital property. Further, based on the trial court's determination the de facto termination date of the marriage was December 11, 2013, Husband's pension plans were marital assets and subject to the trial court's division as marital assets.

{¶35} Husband's second Assignment of Error is overruled.

### III.

{¶36} Husband argues in his third Assignment of Error that the trial court incorrectly calculated the parties' income to find a spousal support award that was unreasonable as to amount and duration. We disagree.

{¶37} A trial court's decision concerning spousal support may be altered only if it constitutes an abuse of discretion. *Kunkle v. Kunkle,* 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). R.C. 3105.18(C)(1)(a) through (n) sets forth the factors a trial court is to consider in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support:

> (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶38} Trial courts must consider all the factors listed in R.C. 3105.18(C). This court has previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume that the evidence was not considered. *Hutta v. Hutta,* 177 Ohio App.3d 414, 2008–Ohio–3756, 894 N.E.2d 1282, ¶ 27 (5th Dist.), citing *Clendening v. Clendening,* 5th Dist. Stark No. 2005CA00086, 2005–Ohio–6298, ¶ 16, citing *Barron v. Barron,* 5th Dist. Stark No. 2002CA00239, 2003–Ohio–649. The trial court need set forth only sufficient detail to enable a reviewing court to determine the appropriateness of the award. *Id.,* citing *Kaechele v. Kaechele,* 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988).

{¶39} The magistrate's decision in the present case conducted a review the R.C. 3105.18(C) factors. This was a marriage of long duration, 21 years. Under the totality of the circumstances based on our limited review of the record, we find no abuse of discretion in the trial court's decision regarding spousal support. Husband's third Assignment of Error is overruled.

**CONCLUSION**

{¶40} The three Assignments of Error filed by Plaintiff-Appellant Jeffrey Rollins are overruled.

{¶41} The judgment of Delaware County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Delaney, J.,

Hoffman, P.J. and.

Farmer, J., concur.