[Cite as *Collins v. Collins*, 2015-Ohio-3315.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STEPHEN COLLINS | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2014CA00194 |
| ARNETTE COLLINS | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2013DR01385

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    August 17, 2015

APPEARANCES:

For Plaintiff-Appellant

PAUL VINCENT
LAURA MILLS
MAXWELL HILTNER
101 Central Plaza South
300 Chase Tower
Canton, OH 44702

For Defendant-Appellee

WENDY ROCKENFELDER
5502 Market Avenue N., Ste. B
Canton, OH 44721

*Gwin, P.J.*

{¶1} Appellant appeals the October 3, 2014 judgment entry and decree of divorce of the Stark County Court of Common Pleas, Domestic Relations Division.

*Facts & Procedural History*

{¶2} Appellant Stephen Collins and appellee Arnette Collins were married on July 26, 1980. On December 30, 2013, appellant filed a complaint for divorce. Appellee filed an answer and counterclaim on January 29, 2014. In August of 2014, the parties agreed and settled all issues except the division of their pensions. The trial court held a hearing on the pension issues on August 20, 2014.

{¶3} Appellee is currently retired and is in payout status with the Ohio Public Employees Retirement System ("OPERS"). During the marriage, appellant worked as a firefighter for the City of Massillon. He is a participant in the Ohio Police and Fire Pension Fund ("OPF"), but is not in payout status. In OPF, a Deferred Retirement Option Plan ("DROP") is available. Appellant is a participant in the DROP program. Members who are eligible to retire can enter the DROP program by delaying retirement and continuing to work. After the effective date of the DROP, treated as the date of the member's retirement, additional benefits which would have been retirement benefits accumulate and the account earns interest into DROP.

{¶4} A report by Pension Evaluators, introduced at the hearing, states that, due to the inflexible nature of a Division of Property Order ("DOPO") that does not allow courts to adequately divide the marital portion of the DROP account. If the DROP is "included," appellee would receive not only her marital share of the pension and interest, but would also receive a share of the contributions made after the marriage. If

the DROP is "excluded," appellee does not receive any portion of benefits paid out of the DROP account and loses up to eight years of property interest in pension payments and interest. "Including" the DROP penalizes appellant by sharing portions of the contributions made after the marriage and "excluding" deprives appellee of a clearly marital portion of the pension and interest. The report also details problems with assigning appellee a dollar amount to divide the DROP funds due to the fact that appellant's actual retirement date is undetermined. If appellant terminates the DROP program on July 31, 2014, appellee would receive $85,601.47 from the DROP account, but if appellant stays in the program until his maximum DROP date of June 19, 2019, appellee would be entitled to $236,613.61. While the pension report concluded that the trial court could select one of these numbers, the report recommended, for equitable division of the retirement accounts, for the trial court to retain jurisdiction and determine the valuation when appellant retires.

{¶5} In an August 28, 2014 judgment entry, the trial court determine that appellee's OPERS pension is to be divided upon appellant's retirement and appellant will receive 36% of the marital portion of that pension unless the court modifies the number to account for a windfall appellee might receive from the division of the DROP account. The trial court also stated that appellant's OPF pension will be divided with appellee receiving 50% of the marital portion of the pension when appellant retires, unless the trial court modifies the property division if appellee receives a windfall from the DROP account distribution. The trial court found that valuation of the DROP account cannot occur until appellant actually retires, pursuant to which appellee is to receive 50% of the marital portion of the DROP account. The trial court retained

jurisdiction to modify all DOPO orders to reflect the trial court's intent that those accounts be divided with each party receiving one-half of the marital portion only. Finally, the trial court ordered that appellee "is to be made beneficiary of Husband's DROP account. He is not to change that designation without prior authorization of the Court." On October 3, 2014, the trial court entered its divorce decree, incorporating the findings of fact and decision from the August 28, 2014 judgment entry.

{¶6} Appellant appeals the October 3, 2014 judgment entry and assigns the following as error:

{¶7} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT STEPHEN COLLINS ("APPELLANT") AND ABUSED ITS DISCRETION WHEN IT ORDERED APPELLANT TO NAME DEFENDANT-APPELLEE ARNETTE COLLINS ("APPELLEE") AS A BENEFICIARY OF APPELLANT'S DEFERRED RETIREMENT OPTION PLAN ("DROP")."

I.

{¶8} An appellate court reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶9} In order to make an equitable division of property, the trial court should first determine the value of the marital assets. *Rollins v. Rollins*, 5th Dist. Delaware No. 14 CAF 04 0018, 2014-Ohio-5441. Specifically, "when considering a fair and equitable

distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 559 N.E.2d 1292 (1990). R.C. 3105.171(C)(1) further states,

> except as provided in this division * * * the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.

{¶10} The fair and equitable division of pension or retirement benefits in a divorce matter in Ohio is left to the trial court's discretion. *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 559 N.E.2d 1292 (1990). Pension or retirement benefits earned during the marriage are marital assets and a factor to be considered in the just division of property. *Id.* However, pension and retirement benefits earned before marriage or after the divorce are not marital assets. *Meeker v. Skeels*, 6th Dist. Lucas No. L-09-1190, 2010-Ohio-3525.

{¶11} In this case, both parties agree that, with regard to the first several provisions attending to the DROP and OPERS accounts (36% of the marital portion of OPERS to appellant and 50% of the marital portion of the DROP to appellee and the reservation of jurisdiction to prevent a windfall to appellee of DROP account funds), the

trial court engaged in an equitable division of property. Appellant argues that by adding appellee as a beneficiary of the DROP account without a cap or a specific allotment of her amount, the trial court necessarily renders the division of property inequitable because appellee receives above and beyond her share of the DROP account in the event of appellant's death. We agree.

{¶12} During the participation in DROP, the employee's individual DROP account accumulates the following amounts: (1) the monthly OPF benefits that the employee would be eligible to receive if he had actually retired on the date of election, plus an annual cost of living; (2) a percentage of the employee's regular salary contributions to OPF for the first three years of participation and the entire amount of the employee's salary contributions during years four through eight; and (3) interest on the foregoing amounts. *Meeker v. Skeels*, 6th Dist. Lucas No. L-09-1190, 2010-Ohio-3525. If there is money remaining in the DROP account at the time of a member's death, the surviving spouse, if any receives the full balance. However, if there is no surviving spouse, the DROP benefits are payable to designated beneficiaries, if the employee has so designated. *Member's Guide to DROP.* https://www.op-f.org/Files/MGdrop.pdf

{¶13} Unlike a standard pension that matures after a divorce, the post-divorce DROP is continuously funded by both marital and non-marital contributions. *Meeker v. Skeels*, 6th Dist. Lucas No. L-09-1190, 2010-Ohio-3525. Even after the divorce, the DROP account is funded, in part, by marital property in the form of OPF benefits that appellant already earned during the course of his marriage to appellee. *Id.* However, these OPF benefits are not the only source of funds in the DROP account, as the account is also simultaneously funded with contributions from appellant's current salary.

These post-divorce salary contributions from appellant's current salary are appellant's separate property and not subject to division.  See *id.*

**{¶14}** In this case, neither party discussed or argued the DROP beneficiary issue before the trial court at the August 20th hearing.  However, the trial court, in its judgment entry, required appellant to designate appellee as the sole beneficiary on his DROP account.  With regards to securing a property division, it is within the trial court's discretion to order a spouse maintain a life insurance policy for the other spouse's benefit.  *Forchione v. Forchione*, 5th Dist. Stark No. 2012CA00085, 2013-Ohio-1761; *Zaccardelli v. Zaccardelli*, 9th Dist. Summit No. 26262, 2013-Ohio-1878.  In this case, the DROP account is analogous to a life insurance policy since they both have a procedure for designating and changing beneficiaries and thus the trial court is within its discretion to require appellant to designate appellant as one of the beneficiaries on the DROP account to secure a property division.  See *LeBlanc v. Wells Fargo Advisors, L.L.C.*, 134 Ohio St.3d 250, 2012-Ohio-5458, 981 N.E.2d 839.

**{¶15}** However, we find the requirement that appellate designate appellee as the *sole* beneficiary on his DROP account renders what is otherwise an equitable property division inequitable because, by making appellee the sole beneficiary of the entire accumulated funds in the DROP account, it apportions to appellee the amounts earned during the marriage, but also appellant's separate property in the form of appellant's contributions from his salary post-divorce.  This causes a windfall to appellee.  There is no indication from the record that there cannot be multiple beneficiaries on appellant's DROP account.  While appellee may be entitled to be the beneficiary on the DROP account for her awarded share (50%) of the marital asset or portion of the DROP funds

(i.e., that portion of the DROP account that is attributable to the OPF benefits earned during the course of the marriage), plus interest, she is not entitled to a percentage or to be the beneficiary of those contributions from appellant's current employment which are being paid into DROP.

{¶16} Based upon the foregoing, we find the trial court erred when it required appellant to make appellee the sole beneficiary on the entire DROP account, which included post-divorce salary contributions that are not subject to division. Appellant's assignment of error is sustained. The October 3, 2014 judgment entry of the Stark County Common Pleas Court, Domestic Relations Division, is reversed and we remand the matter to the trial court for further proceedings in accordance with the law and this opinion.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur