[Cite as *Lehman v. Lehman*, 2013-Ohio-3622.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JANIE J. LEHMAN | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Petitioner - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| DAVID M. LEHMAN | : | Case No. 13-CA-2 |
| | : | |
| | : | |
| Petitioner - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Fairfield County
                                  Court of Common Pleas, Domestic
                                  Relations Division, Case No. 1998
                                  DS 98




JUDGMENT:                         Reversed and Remanded




DATE OF JUDGMENT:                 August 20, 2013




APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

DAVID K. GREER                         LEE S. ROSENTHAL
1150 Morse Road, Suite 230             Goldman & Rosenthal
Columbus, OH 43229                     2 Easton Oval, Suite 180
                                       Columbus, OH 43219

*Baldwin, J.*

{¶1}    Appellant David M. Lehman appeals a judgment of the Fairfield County Common Pleas Court, Domestic Relations Division, rendering an amount due on his obligation to pay one-half of the college expenses for the parties' two children and ordering him to pay one-half of the amounts paid by appellee Janie J. Lehman toward ongoing student loan payments.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}    Appellant and appellee were married in August of 1991. Two sons were born to the parties, R.L. (born in 1982) and K.L. (born in 1984). In May of 1998, the parties filed a petition for dissolution of their marriage in the Fairfield County Court of Common Pleas, Domestic Relations Division. The court issued a decree of dissolution on June 10, 1998.

{¶3}    The dissolution decree incorporated the parties' separation agreement, Article II(g), which provided for splitting the cost of the sons' post-high school education. Said article reads in pertinent part:

{¶4}    "Husband shall pay and be responsible for and Husband shall hold the Wife and children safe and harmless with regard to one-half of the college education or continuing education expenses of the children after high school, including colleges, trade schools, and other such educational facilities, and said obligation of the Husband shall include one-half of tuition, book expenses, room and board expenses, and other such expenses. * * * Husband's obligations under this paragraph shall terminated (sic) at the time each child reaches the age of twenty-four."

{¶5}    A separate provision of the separation agreement, Article II(h), provided for splitting the cost of general expenses of the sons, such as, car insurance, car repair, car payments, extracurricular activities, music expenses, tutoring, and "other similar expenses."

{¶6}    In 2004 and 2005, appellee filed two contempt motions against appellant, alleging non-compliance with the aforesaid provisions. On August 1, 2005, the trial court rendered a contempt finding against appellant and imposed a 30-day jail term, subject to being purged by appellant paying $100 per month toward an established liquidated amount of $3,200 to cover all past expenses, plus $1,000 in attorney fees.

{¶7}    Appellee was further ordered in the August 1, 2005 judgment entry to establish a checking account at Lanfair Federal Credit Union as a designated college expense account for the monthly payments, and to provide appellant with deposit slips. The entry also provided that appellant would be responsible for one-half of the deferred loans.

{¶8}    Appellee thereafter filed motions to impose the jail sentence. Appellant responded by filing a motion to vacate the August 1, 2005 judgment entry which had found him in contempt and ordered the establishment of the Lanfair escrow account. These motions were resolved by an agreed judgment entry on April 16, 2007, which, among other things, (1) acknowledged a $4,000 payment to appellee by appellant and declared him "current on all ongoing monthly expenses" concerning R.L. and K.L. through March 31, 2007; (2) vacated the 2005 contempt entry; and (3) provided for appellant to thereafter pay $344.31 per month, via deposits into the Lanfair college expense account.

{¶9} On December 9, 2008, appellee filed a new contempt motion. Appellee alleged that appellant had stopped making payments on this new monthly obligation in March of 2008, and that he had failed to pay one-half of the education expenses per the dissolution decree and the April 16, 2007 judgment entry. The motion sought restitution for payments appellee made to keep R.L.'s "Nelnet" student loan current, "and any other loans for which she has paid as [appellant's] share", as well as her attorney fees in prosecution of the motion. Appellant responded with his own motion on October 22, 2010, "for an order that he has met his obligation to pay expenses."

{¶10} The contempt motion proceeded to an evidentiary hearing on January 20 and 21, 2011. Both appellant and appellee took the stand. The trial court issued a preliminary judgment entry on April 19, 2011, in which it stated: "From the evidence offered, the court finds it most difficult to determine what 50% of the total college expense really is." Id. at 2. The court thus ordered the parties to submit post-trial worksheets and supporting documents by May 12, 2011. Accordingly, both parties submitted worksheets and supporting documentation to the court.

{¶11} The trial court issued its final judgment entry on July 1, 2011. The court dismissed all contempt matters against appellant, but ordered him to pay appellant the amount of $4,502.99 (one-half of $9005.97) at the rate of $300.00 per month. Appellee filed an appeal from this judgment.

{¶12} On appeal, we reversed and remanded, finding that the court failed to properly calculate the arrearage. *Lehman v. Lehman*, 5th Dist. Fairfield No. 11-CA-43, 2012-Ohio-2082. In footnote two, this Court stated in pertinent part:

{¶13} "In the alternative, appellant proposes that we simply require appellee to pay one-half of the total claimed student loan balances due of $73,242.48. However, such a remedy is premature until appellant actually pays toward such amount; furthermore, she made no such request in her motion for contempt and arrearages." *Id.*

{¶14} On remand, the trial court found the amount of the arrearage to be $9,049.24, which he ordered appellant to reimburse to appellee at the rate of $200.00 per month. The court's judgment of December 5, 2012, also states in pertinent part, "The question before the Court concerns footnote number two at the bottom of the last page of the Court of Appeals Opinion. The footnote suggests that it is premature to require the Appellee/Petitioner-Husband to pay one-half of the total claims because the Appellant/Petitioner-Wife had not paid those sums yet. * * * With respect to Petitioner-wife's ongoing loan payments to these loan providers in the future, Petitioner-Husband is hereby ordered to reimburse Petitioner-Wife, in addition to the $200.00 per month previously stated, one-half of the amounts paid toward these loans within seven (7) days, upon Petitioner-Wife's presentation of proof of payment to these loan providers. * * * Failure to comply, or untimely compliance, with any of these orders constitutes prima facie grounds for a motion for contempt of this Court."

{¶15} Appellant assigns a single error to this Court on appeal:

{¶16} "THE TRIAL COURT COMMITTED ERROR WHEN IT ORDERED APPELLANT-HUSBAND TO PAY ONE–HALF (1/2) OF THE AMOUNTS PAID BY APPELLEE-WIFE TOWARD THE ONGOING LOAN PAYMENTS."

{¶17} Appellant does not contest the trial court's calculation of the arrearage on remand. However, appellant argues that the court exceeded the scope of this court's

remand by ordering appellant to pay one-half of all amounts paid by appellee toward ongoing loan payments.

{¶18}   The Ohio Supreme Court explained the law-of-the-case doctrine in *Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4, 462 N.E.2d 410 (1984):

{¶19}   "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * [T]he doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. (Citations omitted)."

{¶20}   The *Nolan* court concluded that the trial court had exceeded the scope of a remand when it reworked the financial aspects of the marital home disposition, as it was clear from the appellate court's opinion that the sole basis for the remand was occupancy of the marital home. *Id.* at 4, 462 N.E.2d 410. Ohio courts have followed *Nolan* and found prejudicial error when the trial court exceeded the scope of a remand from the appellate court. *Hawley v. Ritley*, 35 Ohio St.3d 157, 160, 519 N.E.2d 390 (1983); *Graham v. Graham,* 98 Ohio App.3d 396, 400-402, 648 N.E.2d 850 (1994); *State ex rel. TRW, Inc. v. Jaffe*, 78 Ohio App.3d 411, 415, 604 N.E.2d 1376 (1992).

{¶21}   In the instant case, we remanded solely on the issue of calculation of the arrearage.  The language in footnote two was not tantamount to a remand for the court to enter an order that appellant pay for ongoing loan payment.  The footnote was simply

an explanation as to why we would not consider appellee's request for such an order in the procedural posture of the case in the first appeal.

{¶22} The assignment of error is sustained. The judgment of the Fairfield County Common Pleas Court, Domestic Relations Division, is affirmed as to the calculation of the arrearage, and reversed as to the order that appellant pay one-half of ongoing loan payments to appellee. This cause is remanded to that court for further proceedings according to law and consistent with this opinion. Costs assessed to appellee.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

CRB/rad

[Cite as *Lehman v. Lehman*, 2013-Ohio-3622.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JANIE J. LEHMAN | : | |
| | : | |
| Petitioner -Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID M. LEHMAN | : | |
| | : | |
| Petitioner - Appellant | : | CASE NO. 13-CA-2 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed as to the calculation of the arrearage, and reversed as to the order that appellant pay one-half of ongoing loan payments to appellee. This cause is remanded to that court for further proceedings according to law and consistent with this opinion. Costs assessed to appellee.


HON. CRAIG R. BALDWIN


HON. W. SCOTT GWIN


HON. SHEILA G. FARMER