[Cite as *Lehman v. Lehman*, 2015-Ohio-287.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JANIE J. LEHMAN | JUDGES:<br>Hon. John W. Wise, P. J. |
| Petitioner-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 14 CA 30 |
| DAVID M. LEHMAN | |
| Petitioner-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 1998 DS 98

JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: January 26, 2015


APPEARANCES:

For Petitioner-Appellant

LEE S. ROSENTHAL
GOLDMAN & ROSENTHAL
2 Easton Oval, Suite 180
Columbus, Ohio 43219-6042

For Petitioner-Appellee

DAVID K. GREER
1150 Morse Road
Suite 230
Columbus, Ohio 43229

*Wise, P. J.*

{¶1}. Appellant David M. Lehman appeals the decision of the Fairfield County Court of Common Pleas, Domestic Relations Division, which modified certain orders regarding his obligation to pay one-half of the college expenses for his two emancipated children. Appellee Janie J. Lehman is appellant's former spouse and the mother of the aforesaid children.[1] The relevant facts leading to this appeal are as follows.

{¶2}. David and Janie were married in August 1991. Two sons were born of the parties, R.L. (born in 1982) and K.L. (born in 1984). In May 1998, the parties filed a petition for dissolution of their marriage in the Fairfield County Court of Common Pleas, Domestic Relations Division. The court issued a decree of dissolution on June 10, 1998.

{¶3}. The dissolution decree incorporated the parties' separation agreement, Article II(g) of which provided for splitting the cost of the sons' post-high school education. Said article reads in pertinent part:

{¶4}. "Husband shall pay and be responsible for and Husband shall hold the Wife and children safe and harmless with regard to one-half of the college education or continuing education expenses of the children after high school, including colleges, trade schools, and other such educational facilities, and said obligation of the Husband shall include one-half of tuition, book expenses, room and board expenses, and other such expenses. * * * Husband's obligations under this paragraph shall terminated (sic) at the time each child reaches the age of twenty-four."

---

[1] This is the third appeal to this Court regarding college expenses for the parties' children. In the 2012 appeal, Janie was the appellant; in the 2013 appeal, David was the appellant, as he is in the present matter. In order to avoid confusion, we will herein utilize the parties' first names whenever possible.

{¶5}. A separate provision of the separation agreement, Article II(h), provided for splitting the cost of general expenses of the sons, such as car insurance, car repair, car payments, extracurricular activities, music expenses, tutoring, and "other similar expenses."

{¶6}. On August 1, 2005, following show cause motions filed by Janie, the trial court rendered a contempt finding against David with a 30–day jail term, subject to being purged by David paying $100.00 per month toward an established liquidated amount of $3,200.00 to cover all past expenses, plus $1,000.00 in attorney fees.

{¶7}. Janie was further ordered in the August 1, 2005 judgment entry to establish a checking account at Lanfair Federal Credit Union, as a designated college expense account for the monthly payments, and to provide David with deposit slips. The entry also provided that David would be responsible for one-half of the deferred loans.

{¶8}. Janie thereafter filed motions to impose the jail sentence. David responded by filing a motion to vacate the August 1, 2005 judgment entry which had found David in contempt and ordered the establishment of the Lanfair escrow account. These motions were resolved by an agreed judgment entry on April 16, 2007, which, among other things, (1) acknowledged a $4,000.00 payment to Janie by David and declared him "current on all ongoing monthly expenses" concerning R.L. and K.L. through March 31, 2007; (2) vacated the 2005 contempt entry; and (3) provided for David to thereafter pay $344.31 per month, via deposits into the Lanfair college expense account.

{¶9}. On December 9, 2008, Janie filed a new contempt motion, ultimately leading to the first appeal. Janie therein alleged that David had stopped making

payments on the new monthly obligation in March 2008, and that he had failed to pay one-half of the education expenses per the dissolution decree and the April 16, 2007 judgment entry. The motion sought restitution for payments Janie made to keep R.L.'s "Nelnet" student loan current, "and any other loans for which she has paid as [David's] share", as well as her attorney fees in prosecution of the motion. David responded with his own motion on October 22, 2010, "for an order that he has met his obligation to pay expenses."

{¶10}. The December 2008 contempt motion was ultimately heard via an evidentiary hearing on January 20 and 21, 2011. The trial court issued a preliminary judgment entry on April 19, 2011, in which it stated: "From the evidence offered, the court finds it most difficult to determine what 50% of the total college expense really is." *Id.* at 2. The court thus ordered the parties to submit post-trial worksheets and supporting documents by May 12, 2011. Accordingly, both parties submitted worksheets and supporting documentation to the court.

{¶11}. The trial court issued its final judgment entry on July 1, 2011. The court dismissed all contempt matters against David, but ordered David to pay Janie the amount of $4,502.99 (one-half of $9,005.97) at the rate of $300.00 per month.

{¶12}. Janie thereupon filed a notice of appeal, challenging the trial court's decision to order just $4,502.99 to be paid by David in satisfaction of his obligations. In a decision issued May 10, 2012, we reversed and remanded, finding that the court had failed to properly compute the arrearage, and we set forth a specific calculation methodology for the trial court to utilize. *See Lehman v. Lehman,* 5th Dist. Fairfield No. 11–CA–43, 2012–Ohio–2082 ("*Lehman I*"). We also stated in pertinent part as follows:

"In the alternative, appellant [Janie] proposes that we simply require appellee [David] to pay one-half of the total claimed student loan balances due of $73,242.48. However, such a remedy is premature until appellant [Janie] actually pays toward such amount; furthermore, she made no such request in her motion for contempt and arrearages. ***." *Id.* at f.n. 2.

{¶13}. Upon remand, the trial court found the amount of the arrearage owed to Janie to be $9,049.24, which the court ordered David to reimburse to her at the rate of $200.00 per month. The court also ordered, in pertinent part: "The question before the Court concerns footnote number two at the bottom of the last page of the Court of Appeals Opinion. The footnote suggests that it is premature to require [David] to pay one-half of the total claims because [Janie] had not paid those sums yet. * * * With respect to [Janie's] ongoing loan payments to these loan providers in the future, [David] is hereby ordered to reimburse [Janie], in addition to the $200.00 per month previously stated, one-half of the amounts paid toward these loans within seven (7) days, upon [Janie's] presentation of proof of payment to these loan providers. * * * Failure to comply, or untimely compliance, with any of these orders constitutes prima facie grounds for a motion for contempt of this Court." Judgment Entry, December 5, 2012, at 2.

{¶14}. Another appeal followed, this time initiated by David. He did not contest the trial court's re-calculation of the arrearage following our remand in *Lehman I*; however, David argued that the trial court had exceeded the scope of our remand by ordering him to pay one-half of all amounts paid by Janie toward ongoing loan payments. Upon review, we invoked the "law of the case" doctrine and affirmed the trial

court as to the calculation of the arrearage, but reversed as to the order that David pay one-half of ongoing loan payments to Janie. In our memorandum-opinion of August 20, 2013, we noted that in *Lehman I* we had remanded solely on the issue of calculation of the arrearage, and that "[t]he language in footnote two [of *Lehman I*] was not tantamount to a remand for the court to enter an order that [David] pay for ongoing loan payment." *Lehman v. Lehman*, 5th Dist. Fairfield No. 13–CA–2, 2013-Ohio-3622, ¶ 21 ("*Lehman II*").

{¶15}. On October 10, 2013, Janie filed another motion for contempt against David, as well as a motion to modify the April 16, 2007 judgment entry, which had *inter alia* provided for David to pay $344.31 per month via deposits into the Lanfair college expense account.

{¶16}. Following a hearing on both of these motions on February 27, 2014, the trial court filed a judgment entry on March 21, 2014, denying Janie's motion for contempt but sustaining her motion to modify the April 16, 2007 judgment entry. In essence, the trial court ordered David to pay an arrearage (as of February 27, 2014) of $1,351.78 at the rate of $200.00 per month. In addition, David was ordered to begin reimbursing Janie "one-half toward the amount she pays on their sons' previously incurred student loans" upon Janie emailing David proof of payment and of crediting by the lender. Judgment Entry, March 21, 2014, at 2.

{¶17}. On April 21, 2014, David filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶18}. "I.   THE TRIAL COURT COMMITTED ERROR WHEN IT ORDERED APPELLANT-HUSBAND TO REIMBURSE TO APPELLEE-WIFE ONE-HALF (1/2) OF

ANY AMOUNT SHE PAYS ON THE PARTIES' SONS' PREVIOUSLY INCURRED STUDENT LOANS, INCLUDING LOANS NOT BEING PAID DUE TO BEING PUT ON HOLD OR FORBEARANCE, WHEN THERE IS ALREADY AN ORDER FOR HUSBAND TO PAY ALL PAST ARREARAGES ON SAME."

I.

{¶19}. In his sole Assignment of Error, Appellant David contends the trial court erred in ordering him to reimburse Appellee Janie for one-half of any monies paid by her on the parties' sons' student loans. We disagree.

{¶20}. As we stated in *Lehman I*, an express agreement between divorcing parents that they will provide for college education to their emancipated children may be enforced by a court. *See Gallo v. Gallo*, 11th Dist. Lake. No. 2002-Ohio-2815, ¶ 31. As an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911.

{¶21}. We note there is no transcript of the February 27, 2014 evidentiary hearing in the record before us. Pursuant to App.R. 9(B)(1), "[i]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." In such a situation, we generally must presume the regularity of the proceedings below and affirm. *See, e.g., State v. Myers,*

5th Dist. Richland No. 2003CA0062, 2004–Ohio–3715, ¶ 14, citing *Knapp v. Edwards Laboratories.* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

{¶22}. This case has become an unfortunate example of what can happen when a relatively basic arrangement in a separation agreement to divide the costs of the children's college educations becomes overlaid with both the specter of unpaid student loans and an apparently feeble level of communication between former spouses. After three appeals, it has still not been made entirely clear to this Court what has become of the more than $73,000.00 in purported student loans once asserted by Janie (see *Lehman I* at f.n. 2) or what amounts may have been paid by R.L. and K.L. themselves, who by now would both be in their thirties.

{¶23}. Nonetheless, the only issue before us at this time is whether the trial court improperly modified the separation agreement regarding the provision of college costs for R.L. and K.L. where the parties had agreed, in that regard, that the trial court would not retain jurisdiction "to modify the obligations of the Husband as set forth herein." Separation Agreement at 5. We answer that query in the negative. The provision of college costs in this instance was, in our minds, a form of extended child support, and the parties' 1998 separation agreement was vague as to the actual mechanics of reimbursement. A trial court has full power to enforce its decree and to order the payment of support arrearages. *Jefferies v. Stanzak*, 135 Ohio App.3d 176, 181, 733 N.E.2d 305 (12th Dist. Butler 1999). In the absence of a transcript of the pertinent evidentiary hearing, we find no error as a matter of law in the trial court's reimbursement plan rendered in response to Janie's motion to modify the prior plan which had been set up in the court's 2007 post-decree judgment entry .

{¶24}. Appellant David's sole Assignment of Error is therefore overruled.

{¶25}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/d 1219